C.D. Michel – SBN 144258
Mathew D. Cubeiro – SBN 291519
Alexander A. Frank – SBN 311718
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiff Brad D. Brinson

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD D. BRINSON, an individual; <br><br> Plaintiff, <br><br> v. <br><br> MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10 <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Brad D. Brinson brings this action against Merrick Garland, in his official capacity as Attorney General of the United States, and Robert Bonta, in his official capacity as Attorney General of the State of California, and DOES 1-10, and makes the following allegations.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**INTRODUCTION**

1. Plaintiff Brad D. Brinson is a law-abiding citizen of the United States who is not prohibited from owning or possessing firearms.

2. In 1997, Plaintiff was convicted of California Penal Code section 243(e).

3. In 2014, Plaintiff was denied a lawful firearm purchase after Defendants labeled him prohibited from owning or possessing firearms due to his 1997 conviction.

4. Plaintiff, through counsel, contested the denial with Defendants. Following correspondence with Assistant General Counsel of the Office of the General Counsel of the Federal Bureau of Investigation, and Deputy Attorney General to the Attorney General of California, it was confirmed that Plaintiff was not prohibited from owning or possessing firearms due to his 1997 conviction for California Penal Code section 243(e).

5. After confirming Plaintiff was not prohibited from owning or possessing firearms, Plaintiff was lawfully able to purchase and acquire firearms for a number of years.

6. In 2018, Plaintiff attempted to purchase a firearm but was again denied by Defendants due to his 1997 conviction.

7. Plaintiff has no other convictions or issues that would prohibit him from owning or possessing firearms.

8. Plaintiff, through counsel, again contested the denial but to no avail.

9. Plaintiff now brings this lawsuit.

**PARTIES**

10. Plaintiff BRAD D. BRINSON ("Plaintiff") is an individual who is a citizen of the state of California. He resides in San Francisco County.

11. Defendant MERRICK B. GARLAND is the Attorney General of the United States. In his official capacity as Attorney General, Defendant Garland is the chief law enforcement officer of the United States, and he has the authority and power to dedicate federal law enforcement resources, include those of the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  enforce the policies and practices of the Attorney General and the Department of Justice

2  as it relates to firearms, including required federal background checks on prospective

3  firearm purchasers.

4       12.    Defendant ROB BONTA is the Attorney General for the State of California.

5  He is the chief law enforcement officer of California. Defendant Bonta is charged by

6  Article V, Section 13 of the California Constitution with the duty to see that the laws of

7  California are uniformly and adequately enforced. Defendant Bonta also has direct

8  supervision over every district attorney, sheriff, and all personnel managing the firearm

9  background check system and correction of criminal records for the State of California in

10  all matters pertaining to the duties of their respective assignments. In this regard,

11  Defendant Bonta has direct supervisory authority over the Director of the Bureau of

12  Firearms and Director of the Bureau of Criminal Information and Analysis and the

13  Records Review and Challenge Section. Defendant Bonta also has the responsibility to

14  enforce state laws that do not interfere with federal law and to not act in a manner that

15  would interfere with federally protected rights by misuse of power entrusted to him under

16  state law.

17       13.    The true names or capacities, whether individual, corporate, associate, or

18  otherwise of the Defendants named herein as DOES 1-10, are presently unknown to

19  Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiffs pray for

20  leave to amend this Complaint to show the true names or capacities of these Defendants

21  if, and when, the same has been determined.

22       14.    Defendants Garland, Bonta, and Does 1-10 are responsible for formulating,

23  executing, and administering state and federal firearm laws and correction of criminal

24  records at issue in this lawsuit and are in fact presently enforcing them.

25       15.    Defendants enforce firearm laws against Plaintiff and other citizens under

26  color of law within the meaning of section 1983 of Title 42 of the United States Code.

**JURISDICTION AND VENUE**

27       16.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    1331 because this action arises under a federal statute, 18 U.S.C. § 925A.

2        17.    The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3), 42 U.S.C. §

3    1983, and 18 U.S.C. 925A because this action seeks to redress the deprivation, under

4    color of the laws, statutes, ordinances, regulations, customs and usages of the State of

5    California and political subdivisions thereof, of rights, privileges or immunities secured

6    by the United States Constitution and by Acts of Congress.

7        18.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because

8    a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in

9    this district.

10                          **STATEMENT OF FACTS**

11       19.    Federal law requires any person engaged in the business of selling or

12   transferring firearms to possess a valid federal firearms license ("FFL"). 18 U.S.C. §

13   922(a)(1)(A).

14       20.    Any sales or dispositions of a firearm by an FFL generally require the

15   purchaser or transferee to complete ATF Form 4473. 18 U.S.C. § 923(g); 27 C.F.R. §

16   478.124.

17       21.    As stated in ATF Form 4473, the information provided by the purchaser or

18   transferee is used to determine whether the purchaser or transferee is prohibited by

19   Federal or State law from receiving a firearm.

20       22.    To determine whether the purchaser or transferee is prohibited, the

21   information provided in ATF Form 4473 is typically transmitted by the FFL to the

22   National Instant Criminal Background Check System ("NICS").

23       23.    California is one of 13 "Full Point of Contact" States, meaning the

24   California Department of Justice ("DOJ") is designated to conduct firearm background

25   checks for FFLs in California in lieu of the FFL transmitting the information in ATF

26   Form 4473 to NICS directly.

27       24.    To process firearm background checks in California, DOJ requires

28   California FFLs to submit a Dealer Record of Sale ("DROS") through a web-based

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   application known as the DROS Entry System ("DES").

2        25.   The information contained in a DROS contains much of the same

3   information provided in ATF Form 4473. But instead of being completed by the

4   purchaser or transferee, a DROS is completed by the FFL using the information provided

5   by the purchaser or transferee.

6        26.   Once submitted, the information provided in the DROS is used by DOJ to

7   determine whether the purchaser or transferee is prohibited from owning or possessing

8   firearms. DOJ will reference all the NICS databases, as well as several additional state

9   databases, in making its determination.

10        27.   Pursuant to section 922(g)(9) of Title 18 of the United States Code,

11   individuals who have been convicted of a misdemeanor crime of domestic violence are

12   prohibited from possessing firearms for life.

13        28.   A "misdemeanor crime of domestic violence" is defined under federal law as

14   an offense that:

15          *[H]as, as an element, the use or attempted use of physical force, or the*

16          *threatened use of a deadly weapon, committed by a current or former*

17          *spouse, parent, or guardian of the victim, by a person with whom the victim*

18          *shares a child in common, by a person who is cohabitating with or has*

19          *cohabitated with the victim as a spouse, parent, or guardian, or by a person*

20          *similarly situated to a spouse, parent, or guardian of the victim.*

21          18 U.S.C. § 921(a)(33)(A)(ii) (effective until June 25, 2022).

22        29.   On June 25, 2022, this definition was amended following the enactment of

23   the Bipartisan Safer Communities Act to now read:

24          *[H]as, as an element, the use or attempted use of physical force, or the*

25          *threatened use of a deadly weapon, committed by a current or former*

26          *spouse, parent, or guardian of the victim, by a person with whom the victim*

27          *shares a child in common, by a person who is cohabitating with or has*

28          *cohabitated with the victim as a spouse, parent, or guardian, by a person*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    *similarly situated to a spouse, parent, or guardian of the victim,* **or by a**

2    **person who has a current or recent former dating relationship with the**

3    **victim**.

4    117 P.L. 159 (codified at 18 U.S.C. § 921(a)(33)(A)(ii)) (emphasis added).

5    30.    The Bipartisan Safer Communities Act includes a provision that precludes

6    its retroactive application, stating the changes made "shall not apply to any conviction of

7    a misdemeanor crime of domestic violence entered before the date of enactment of this

8    Act," occurring here on June 25, 2022. 117 P.L. 159 at Sec. 12005(b).

9    31.    Plaintiff was convicted of violating California Penal Code section 243(e) on

10   August 21, 1997. The victim was a woman with whom Plaintiff was involved in a dating

11   relationship.

12   32.    Under federal law at the time of his conviction, a dating relationship is

13   insufficient to qualify as a misdemeanor crime of domestic violence; and therefore does

14   not trigger the "misdemeanor crime of domestic violence" prohibition under 18 U.S.C.

15   922(g)(9). *See United States v. Nobriga*, 408 F.3d 1178, 1183 (9th Cir. 2005).

16   33.    In 2014, Plaintiff attempted to lawfully purchase a firearm but was denied.

17   Plaintiff learned that DOJ considered him prohibited due to his 1997 conviction.

18   34.    Plaintiff retained counsel, who contacted both Deputy Attorney General

19   Kimberly Granger of DOJ and William Finch, Assistant General Counsel of the Office of

20   the General Counsel of the Federal Bureau of Investigation, concerning Plaintiff's denial.

21   35.    On July 30, 2014, Assistant General Counsel Finch responded to Plaintiff's

22   counsel informing him that, after reviewing Plaintiff's conviction, he agreed Plaintiff is

23   "not federally prohibited" and that his relationship with the victim "is and was a dating

24   relationship" that "does not qualify the conviction as a misdemeanor crime of domestic

25   violence" under federal law. Assistant General Counsel Finch goes further to state that

26   Plaintiff "is not federally prohibited by his August 21, 1997 conviction from possessing

27   or receiving a firearm."

28   36.    Following the above communication from Assistant General Counsel Finch,

6

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   Plaintiff's counsel proceeded to contact Deputy Attorney General Kimberly Granger

2   concerning Plaintiff's denial.

3       37.   Deputy Attorney General Granger informed Plaintiff's counsel that she

4   attempted to contact Mr. Finch who had since retired. As a result, Deputy Attorney

5   General contacted another attorney at the FBI, Drew Crislip, "to verify NICS'

6   understanding" of Plaintiff's criminal history.

7       38.   After confirming with this second attorney at the FBI, Deputy Attorney

8   General Granger informed Plaintiff's counsel that DOJ personnel "agreed with Mr.

9   Finch's determination" and that DOJ "made a notation of this fact on Mr. Brinson's

10  record and barring any other prohibiting offense/circumstance, he may reapply for a gun

11  purchase."

12      39.   Plaintiff was able to lawfully purchase firearms following the above

13  correspondence.

14      40.   But on November 23, 2018, Plaintiff attempted to lawfully purchase a

15  firearm at a California dealer and was denied. Plaintiff later learned that DOJ labeled him

16  prohibited due to his 1997 conviction.

17      41.   Plaintiff's counsel contact Deputy Attorney General Robert Wilson,

18  successor to Deputy Attorney General Granger, and included a copy of the prior

19  correspondence between the FBI and DOJ concerning Plaintiff's conviction.

20      42.   Plaintiff has no other reason to be ineligible for lawful transfer and

21  possession of a firearm. He has no other criminal history, mental health history,

22  restraining order history, or any other reason to be prohibited and ineligible whatsoever.

23      43.   Plaintiff has also been forced to dispossess himself of the firearms he

24  lawfully acquired.

25      44.   To date, Plaintiff has not been informed whether he is being denied by the

26  FBI, DOJ, or both.

27      45.   Plaintiff's counsel has since been unable to resolve this issue despite

28  exercising all possible administrative remedies. As a result, Plaintiff has been left with no

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    choice but to file this lawsuit.

2    **FIRST CLAIM FOR RELIEF**
     **Erroneous Denial of Firearm**
3    **18 U.S.C. § 925A**

4    (By Plaintiff against all Defendants and Does 1-10)

5    46.    Paragraphs 1 through 45 are realleged and incorporated by reference as if

6    fully set forth herein.

7    47.    Any person who is denied a firearm pursuant to section 922(s) or 922(t) of

8    Title 18 of the United States Code due to the provision of erroneous information relating

9    to the person by any State or political subdivision thereof, or by NICS, may bring an

10   action for an order directing that the erroneous information be corrected or that the

11   transfer be approved, as the case may be.

12   48.    Plaintiff is eligible to lawfully acquire, own, and possess firearms.

13   49.    Plaintiff has been erroneously denied a lawful firearm transfer and

14   erroneously labeled prohibited from owning or possessing firearms.

15   50.    Either DOJ, the FBI, or both have taken the erroneous position that

16   Plaintiff's 1997 conviction under Penal Code section 243(e) prohibits him from taking

17   lawful transfer of a firearm.

18   51.    Defendants, through their counsel and appropriate designees, have

19   confirmed that Plaintiff is not prohibited from owning or possessing firearms despite his

20   1997 conviction under Penal Code section 243(e).

21   52.    Defendants, through their counsel and appropriate designees, have also

22   confirmed that Plaintiff's 1997 conviction under Penal Code section 243(e) is not a

23   "misdemeanor crime of domestic violence" as that term is defined under section 921 of

24   Title 18 of the United States Code.

25   53.    Despite confirming Plaintiff is not prohibited from owning or possessing

26   firearms, Defendants have erroneously denied Plaintiff a lawful firearm transfer and have

27   labeled him prohibited from owning or possessing firearms as having been convicted of a

28   "misdemeanor crime of domestic violence" due to his 1997 conviction under Penal Code

8

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   section 243(e).

## SECOND CLAIM FOR RELIEF
### Violation of the Right to Keep and Bear Arms
### U.S. Const. amend. II and XIV

(By Plaintiff against all Defendants and Does 1-10)

54.   Paragraphs 1 through 53 are realleged and incorporated by reference as if fully set forth herein.

55.   The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. Const. amend. II. This right of the people to keep and bear arms has been applied as an individual right of law-abiding citizens for lawful purposes. *District of Columbia v. Heller*, 554 U.S. 628 (2008). The Second Amendment is incorporated to the States through the Fourteenth Amendment. U.S. Const. amend XIV.[1]

56.   The United States Supreme Court has concluded (four times) that "[s]elf-defense is a basic right, recognized by many legal systems from ancient times to the present day, and . . . individual self-defense is 'the central component' of the Second Amendment right." *McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010) (quoting *Heller*, 554 U.S. at 628); *see also Caetano v. Massachusetts*, 577 U.S. 411, 413 (2016); *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. at \_\_\_, 142 S. Ct. 2111, 2126, 2156 (2022).

57.   The Supreme Court has also held that the Second Amendment right to keep and bear arms is incorporated into the Due Process Clause of the Fourteenth Amendment and so may not be infringed by state and local governments. McDonald, 561 U.S. at 750.

58.   Defendants' failure to recognize that Plaintiff's conviction is not one that

---

[1] "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . ." Senator Jacob Howard, when introducing the amendment, explained that its purpose was to protect "personal rights" such as "the right to keep and bear arms" from State infringement. CONG. GLOBE, 39th 1rst Sess., 2765 (May 23, 1866).

9
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

would prevent him from lawfully obtaining a firearm despite confirming it is not in written communication to Plaintiff's counsel, refusal to issue Plaintiff a positive disposition to purchase a firearm, and labeling Plaintiff prohibited from owning or possessing firearms, is a direct attack upon Plaintiff's Second Amendment Rights. Defendants are continually violating Plaintiff's rights by failing to correct their systems or properly interpret his records so that proper notice is provided to those conducting the background services.

59.     When a person is improperly denied the right to keep and bear arms due to inaccuracy of the federal government or state government's system for processing accurate information, it is a direct violation of the individual's constitutional rights.

60.     A action brought pursuant to section 1983 of Title 42 of the United States Code is proper where "the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, by a person acting under the color of law." Such a claim may be asserted against a state official for constitutional violations when such claim seeks only prospective relief. *See Ex Parte Young*, 209 U.S. 123, 155-56 (1908).

**THIRD CLAIM FOR RELIEF**
**Violation of the Equal Protection Clause**
**U.S. Const. amend. XIV**

(By Plaintiff against all Defendants and Does 1-10)

61.     Paragraphs 1 through 60 are realleged and incorporated by reference as if fully set forth herein.

62.     The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prohibits states from denying any person within its territory equal protection of the laws. U.S. CONST. amend. XIV. This means that a state must treat an individual in the same manner as others in similar conditions and circumstances.

63.     The purpose of the Equal Protection Clause is to force the federal and state governments to govern impartially and not draw differences in individuals for items that are irrelevant to a legitimate government purpose and is essential to the equal protection

10

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    of civil rights.

2    64.   An § 1983 action may be brought against a person acting "under the color of

3    law." Liability lies against those "who carry a badge of authority of a State and represent

4    it in some capacity, whether they act in accordance with their authority or misuse it."

5    *Monroe v. Pape*, 365 U.S. 167, 172 (1971). A state official interferes with federal rights

6    by either enforcing state laws that conflict with federal law or when the state official

7    deprives persons of their federal rights. *Home Telephone and Telegraph v. Los Angeles*,

8    227 U.S. 278, 288 (1913). A § 1983 claim may be asserted against a state official for

9    constitutional violations when such claim seeks only prospective relief. *See Ex Parte*

10    *Young*, 209 U.S. at 155-56.

11    65.   Defendants, acting under color of law, have repeatedly and continually

12    denied the right of Plaintiff by denying him equal protection. Plaintiff is a law-abiding

13    citizen who is not prohibited from owning or possessing firearms as confirmed by both

14    the California Department of Justice and the Federal Bureau of Investigation. Yet

15    Plaintiff has been improperly denied a firearm purchase and continues to deny Plaintiff

16    his Second Amendment rights by failing to protect his interests through proper and

17    corrective measures regarding his records or through proper interpretation of those

18    records. Defendants, acting under color of law when denying Plaintiff's constitutional

19    rights, are therefore liable as individuals and in their official capacity under section 1983

20    of Title 42 of the United States Code.

21    **DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF ALLEGATIONS**

22    66.   Paragraphs 1 through 65 are realleged and incorporated by reference as if

23    fully set forth herein.

24    67.   There is an actual and present controversy between the parties. Plaintiff

25    contends that Defendants' denial of Plaintiff's ability to purchase a firearm infringes on

26    Plaintiff's right to keep and bear arms under the Second and Fourteenth Amendments to

27    the United States Constitution, by imposing upon Plaintiff a restriction which is imposed

28    upon those convicted of a misdemeanor crime of domestic violence which he has not

been convicted of. Plaintiff contends that there has been a violation of his rights because of Defendants failing to properly interpret his criminal records.

68.     Plaintiff has exhausted all possible administrative remedies through counsel and attempted communications with Defendants, who have assured him his conviction does not qualify as a misdemeanor crime of domestic violence and is therefore not prohibited from owning or possessing firearms.

69.     Plaintiff further contends that he has been denied equal protection under the law by Defendants, acting under color of law, by denying him a lawful firearm purchase, or, in the alternative, to properly interpret his criminal record in a manner consistent with state and federal law. Defendant's refusal to afford Plaintiff equal protection of the law has resulted in Plaintiff's ability to exercise his Second Amendment right to keep and bear arms being infringed despite Defendant's prior assurances. Plaintiff desires a judicial declaration that the actions of Defendants, and each of them, have violated the constitutional rights of Plaintiff.

70.     If not enjoined by the Court, Defendants will continue to deny Plaintiff his constitutional rights and continue to deny him the ability to purchase a firearm as such denial is defined under section 925A of Title 18 of the United States Code.

## PRAYER FOR RELIEF

Plaintiff prays that the Court:

1.     Enter a declaratory judgment that Defendants have erroneously violated Plaintiff's rights under the U.S. Constitution;

2.     Enter an order finding that Plaintiff has erroneously been denied a firearm transfer;

3.     Enter an order finding that Plaintiff has been erroneously labeled prohibited from owning or possessing firearms by Defendants;

4.     Enter an order directing Defendants to make any and all corrections to State and Federal databases to ensure Plaintiff is no longer erroneously denied a firearm transfer or labeled prohibited from owning or possessing firearms;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1     5.     Award Plaintiff all reasonable attorneys' fees and costs pursuant to 18 U.S.C. §

2   925A and 42 U.S.C. § 1983; and

3     6.     Grant any such other and further relief as the Court may deem proper.

4

5

6   Dated: December 22, 2022                              **MICHEL & ASSOCIATES, P.C.**

7

8                                                    *s/ C.D. Michel*
                                                     C.D. Michel
9                                                    *Counsel for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF