ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JERRY T. YEN
Deputy Attorney General
State Bar No. 247988
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7836
  Fax: (916) 324-8835
  E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Rob Bonta, in his official*
*Capacity as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRAD D. BRINSON,**<br><br>                  Plaintiff,<br><br>v.<br><br>**MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,**<br><br>                  Defendants. | Case No. 3:22-cv-09076<br><br>**DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION; MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:         April 20, 2023<br>Time:        10:00 a.m.<br>Courtroom:  8<br>Judge:       Hon. Jacqueline Scott Corley<br>Action Filed: December 22, 2022 |

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 20, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jacqueline Scott Corley, Defendant California Attorney General Rob Bonta will and hereby does move under Rule 12 of the Federal Rules of Civil Procedure for an order dismissing the California Attorney General. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all

1  pleadings and papers on file in this action, and such other matters as may properly come before
2  the Court.
3       Attorney General Bonta's motion is made on the grounds that (1) Plaintiff fails to state a
4  claim under 18 U.S.C. § 925A against the California Attorney General, (2) Plaintiff's remaining
5  claims against the California Attorney General are barred by the Eleventh Amendment,
6  (3) Plaintiff's equal protection claim does not provide an independent basis for relief, and
7  (4) Plaintiff fails to establish a case or controversy against the California Attorney General as
8  required for Article III jurisdiction.

Dated: March 6, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

     /s/ Jerry T. Yen
JERRY T. YEN
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as California Attorney General*

# TABLE OF CONTENTS

Page

Memorandum of Points and Authorities ................................................................................. 1
Introduction ............................................................................................................................. 1
Statutory and Factual Background .......................................................................................... 2
    I.    Firearms Background Checks in California .............................................................. 2
    II.    Plaintiff's Allegations ................................................................................................ 2
Legal Standard ........................................................................................................................ 3
Argument ................................................................................................................................. 3
    I.    The Complaint Does Not State a Claim Under 18 U.S.C. § 925A ........................... 3
    II.    The California Attorney General Is Immune From Suit Under the Eleventh Amendment ................................................................................................................ 4
    III.    Plaintiff's Equal Protection Claim Is Subsumed by His Second Amendment Claim ..................................................................................................... 6
    IV.    No Justiciable Controversy Exists Between Plaintiff and the California Attorney General ........................................................................................................ 7
Conclusion .............................................................................................................................. 8

i

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*ACLU of Nev. v. Masto*
    670 F.3d 1046 (9th Cir. 2012) ........................................................................................... 7

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .......................................................................................................... 3

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .......................................................................................................... 3

*Brandsrud v. Becerra*
    Case No. CV 16-164-SVW, 2018 WL 2317819 (C.D. Cal. March 14, 2018) .................... 3

*Carnohan v. United States*
    296 Fed. Appx. 603 (9th Cir. Oct. 20, 2008) .................................................................... 5

*Durning v. First Boston Corp.*
    815 F.2d 1265 (9th Cir. 1987) ........................................................................................... 3

*Foster v. Carson*
    347 F.3d 742 (9th Cir. 2003) ............................................................................................. 7

*Johnson v. Riverside Healthcare Sys., LP*
    534 F.3d 1116 (9th Cir. 2008) ........................................................................................... 3

*L.A. Branch NAACP v. L.A. Unified Sch. Dist.*
    714 F.2d 946 (9th Cir. 1983) ......................................................................................... 5, 7

*L.A. County Bar Ass'n v. Eu*
    979 F.2d 697 (9th Cir. 1992) ......................................................................................... 4, 5

*Long v. Van de Kamp*
    961 F.2d 151 (9th Cir. 1992) ............................................................................................. 4

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) .......................................................................................................... 7

*Natural Res. Def. Council v. Cal. Dep't of Transp.*
    96 F.3d 420 (9th Cir. 1996) ............................................................................................... 4

*Pena v. Lindley*
    898 F.3d 969 (9th Cir. 2018) ............................................................................................. 6

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) ............................................................................................................ 4

ii

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Pervez v. Becerra*
  Case No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621 (E.D. Cal. June 28, 2019) .................................................................................................................. 6

*Simon v. Eastern Kentucky Welfare Rights Org.*
  426 U.S. 26 (1976) ........................................................................................... 7

*Snoeck v. Brussa*
  153 F.3d 984 (9th Cir. 1998) ......................................................................... 4, 7

*Teixeira v. County of Alameda*
  822 F.3d 1047 (9th Cir. 2016) .......................................................................... 6

*Teixeira v. County of Alameda*
  873 F.3d 670 (9th Cir. 2017) ............................................................................ 6

*Wilbur v. Locke*
  423 F.3d 1101 (9th Cir. 2005) .......................................................................... 4

*Ex parte Young*
  209 U.S. 123 (1908) .................................................................................. 4, 5, 6

**STATUTES**

18 U.S.C. § 925A ................................................................................................ 3, 4, 8

United States Code
  Title 18 § 921(a)(33) .............................................................................. 2, 5, 7, 8
  Title 18 § 922(g)(9) ................................................................................... *passim*
  Title 18 § 922(t)(1) ............................................................................................ 2
  Title 18 § 922(t)(3) ............................................................................................ 2
  Title 18 § 925A ......................................................................................... *passim*

California Government Code
  § 12510 ............................................................................................................. 1

California Penal Code
  § 243(e) ..................................................................................................... 1, 2, 3
  § 28220 .............................................................................................................. 2
  § 28220(b) ...................................................................................................... 2, 8

**CONSTITUTIONAL PROVISIONS**

Second Amendment .............................................................................................. *passim*

Eleventh Amendment ........................................................................................... *passim*

iii

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

# TABLE OF AUTHORITIES
### (continued)

**Page**

**COURT RULES**

Federal Rules of Civil Procedure
    12(b)(6) .................................................................................................................. 3

**OTHER AUTHORITIES**

Code of Federal Regulations
    Title 28 § 25.5 ........................................................................................................ 2
    Title 28 § 25.6 ........................................................................................................ 2

iv

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This case generally concerns Plaintiff Brad Brinson's eligibility to possess a firearm, and a 2018 denial of his attempt to do so. The complaint alleges that "Plaintiff has not been informed whether he is being denied by the FBI, DOJ, or both." Compl., ECF No. 1, ¶ 44. But a careful reading of the complaint and its exhibits shows that, while Plaintiff was convicted of domestic battery under California Penal Code section 243(e), it is the federal government that has determined that federal law – 18 U.S.C. § 922(g)(9) – prohibits Plaintiff from possessing a firearm. Because this case concerns a federal prohibition, any claims that Plaintiff's conviction does not qualify as "misdemeanor crime of domestic violence" under federal law should be solely directed to the federal government.

Although the California Department of Justice[1] (CA DOJ) runs federal background checks for individuals seeking to purchase or possess a firearm in California, it does not have any connection to Plaintiff's prohibition imposed by operation of federal law, including the federal statute at issue in this case, sufficient for Plaintiff to maintain a suit against the California Attorney General. Moreover, the complaint contains no allegations that there was a mistake regarding Plaintiff's criminal records. Thus, Plaintiff fails to state a claim under 18 U.S.C. § 925A against the California Attorney General, and Plaintiff's Second Amendment and equal protection claims against the California Attorney General are barred by the Eleventh Amendment.

Further, Plaintiff's equal protection claim lacks an independent basis for relief and should thus be dismissed. Finally, Plaintiff lacks Article III standing to bring this suit against the California Attorney General because there is no causal connection between the federal government's determination that Plaintiff is prohibited from possessing firearms and any allegedly unlawful action by the California Attorney General.

---

[1] The California Attorney General is head of the California Department of Justice. Cal. Gov't Code § 12510.

1

# STATUTORY AND FACTUAL BACKGROUND

## I.   FIREARMS BACKGROUND CHECKS IN CALIFORNIA

A person who wants to purchase or otherwise take possession of a firearm in California must pass a background check that relies on several state databases as well as the National Instant Criminal Background System (NICS), which is run by the Federal Bureau of Investigation (FBI). Cal. Penal Code § 28220. The CA DOJ is responsible for running this background check. *Id*. Federal and state law rely on this background check process to prevent prohibited persons from obtaining firearms. 18 U.S.C. § 922(t)(1); Cal. Penal Code § 28220. Federal law authorizes states to administer the federal background check process, in lieu of the FBI, if they do so concurrently with their own background check process. *See* 18 U.S.C. § 922(t)(3); 28 C.F.R. § 25.6. States that elect this procedure are called "point of contact" states. 28 C.F.R. § 25.5. California has long served as a point of contact state, and, since the enactment of Proposition 63 in 2016, the CA DOJ has been required to serve as one. Cal. Penal Code § 28220(b).

## II.   PLAINTIFF'S ALLEGATIONS

In 1997, Plaintiff was convicted of domestic battery under California Penal Code section 243(e) and the victim was involved in a dating relationship with Plaintiff. Compl., ¶ 31. In 2014, Plaintiff attempted to purchase a firearm, but, due to his 1997 conviction, was denied under federal law. *Id*. ¶¶ 32-33. Plaintiff, through his counsel, then contacted counsel for the FBI regarding his denial. *Id*. ¶ 34. After reviewing Plaintiff's conviction, counsel for the FBI determined that the conviction did not qualify as a "misdemeanor crime of domestic violence" under federal law and permitted Plaintiff to legally purchase a firearm. *Id*. ¶¶ 35 and 39.

In 2018, Plaintiff again attempted to purchase a firearm and was denied under federal law due to his 1997 conviction. *Id*. ¶ 40; *see also id*., Exh. D. In 2022, the FBI once again reviewed his 1997 conviction record, but this time determined that he was prohibited because his conviction qualified as a "misdemeanor crime of domestic violence" under federal law – 18 U.S.C. §§ 921(a)(33) and 922(g)(9). *Id*., Exh. D. The FBI also directed Plaintiff to the Santa Cruz County Sherriff's Office if he wished to challenge the accuracy of his criminal record. *Id*.

2

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

Afterwards, in December 2022, Plaintiff filed this lawsuit against both the United States Attorney General and the California Attorney General. *Id*. ¶¶ 11-12. Plaintiff asserts three claims – (1) correction of erroneous information under 18 U.S.C. § 925A, (2) violation of the Second Amendment, and (3) violation of the Equal Protection Clause of the Fourteenth Amendment. *Id*. ¶¶ 46-62.

## LEGAL STANDARD

A claim may be dismissed under Rule 12(b)(6) either for "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). The governing standard is well known. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition to allegations in the complaint, the Court may consider any documents attached to the complaint. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## ARGUMENT

### I. THE COMPLAINT DOES NOT STATE A CLAIM UNDER 18 U.S.C. § 925A

To state a claim under 18 U.S.C. § 925A against the California Attorney General, there must be an allegation that "the State provided erroneous information that proximately caused denial of a firearm." *Brandsrud v. Becerra*, Case No. CV 16-164-SVW, 2018 WL 2317819, *3 (C.D. Cal. March 14, 2018) (citing 18 U.S.C. § 925A; *Book v. United States*, 2016 WL 6154932, at *2-3 (E.D. Wash. Oct. 21, 2016)), *adopting report and recommendation*, 2018 WL 2315941 (C.D. Cal. May 18, 2018). Here, there are no allegations that the CA DOJ provided erroneous information to federal authorities. At most, Plaintiff alleges that the CA DOJ has "taken the *erroneous position* that Plaintiff's 1997 conviction under Penal Code section 243(e) prohibits him from taking lawful transfer of a firearm." Compl., ¶ 50 (emphasis added). However, this conclusory allegation is legally insufficient to state a claim under 18 U.S.C. § 925A, as it identifies no erroneous information provided by the State. The allegation is also inconsistent with the other allegations and documents in the complaint, which show that it is the federal government's (not the CA DOJ's) application of a federal statute that is prohibiting Plaintiff from

3

possessing a firearm. *See id.*, Exh. D; *cf. id.* ¶¶ 34-35, Exh. A (federal government initially determining that Plaintiff was not federally prohibited by his 1997 conviction). Because there are no allegations that the CA DOJ provided erroneous information or was responsible for Plaintiff's firearms prohibition under federal law, the Court should dismiss Plaintiff's first claim for relief under § 925A against the California Attorney General.

## II. THE CALIFORNIA ATTORNEY GENERAL IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT

The remaining claims against the California Attorney General (under the Second Amendment and Equal Protection Clause) are barred by the Eleventh Amendment of the United States Constitution as a matter of law. The Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens "against state agencies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Natural Res. Def. Council v. Cal. Dep't of Transp.* 96 F.3d 420, 421 (9th Cir. 1996).

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* exception allows "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (internal quotation marks and citation omitted). However, for the *Ex parte Young* exception to apply the state officer "must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young*, 209 U.S. at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992); *see also Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) ("general supervisory powers of the California Attorney General" did not "establish the connection with enforcement required by *Ex parte Young*").) If a state official "lacks the power" to address the purported violation of federal law, this indicates that the plaintiff intends to use that official "as a

4

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

surrogate for the state, and thereby to evade the state's Eleventh Amendment immunity." *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983)).

Here, the complaint makes clear that in 2022, the FBI determined that Plaintiff was prohibited from possessing a firearm under 18 U.S.C. §§ 921(a)(33) and 922(g)(9), and that the denial of Plaintiff's firearm purchase is based on federal law.  Compl., Exh. D.  Nevertheless, Plaintiff appears to claim that the California Attorney General violated the Second Amendment and Equal Protection Clause by determining that federal law prohibits Plaintiff from possessing a firearm.  *See id*. ¶¶ 58 and 65.  Plaintiff further alleges that the California Attorney General has "direct supervision over every district attorney, sheriff and all personnel managing the firearm background check system and correction of criminal records for the State of California in all matters pertaining to the duties of their respective assignments." *Id*. ¶ 12.  Plaintiff goes on to claim that the California Attorney General has "direct supervisory authority over the Director of the Bureau of Firearms and Director of the Bureau of Criminal Information and Analysis and the Records Review and Challenge Section." *Id*.

Even accepting these allegations as true, the California Attorney General "lacks the power" to contravene the FBI's determination that federal law prohibits Plaintiff from possessing a firearm, which demonstrates that Plaintiff is suing the California Attorney General "as a surrogate for the state" in an attempt to "evade the state's Eleventh Amendment immunity." *L.A. Branch NAACP*, 714 F.2d at 953.  And the case law is clear that mere supervisory power over other officials with some connection to the alleged constitutional violations is insufficient to overcome Eleventh Amendment immunity. *See L.A. County Bar*, 979 F.2d at 704; *Carnohan v. United States*, 296 Fed. Appx. 603 (9th Cir. Oct. 20, 2008) (affirming the dismissal of the State of California under the Eleventh Amendment where the plaintiff sued the State under the Federal Tort Claims Act for denial of permission to purchase a handgun).  Thus, Plaintiff cannot show that the *Ex parte Young* exception applies, and the Eleventh Amendment bars Plaintiff from suing the California Attorney General.

In a case similar to this one, the Eastern District of California granted the California Attorney General's motion to dismiss because the Eleventh Amendment barred the plaintiff's

5

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

1  claims against the California Attorney General.  *Pervez v. Becerra*, Case No. 2:18-cv-02793-
2  KJM-KJN, 2019 WL 2715621 (E.D. Cal. June 28, 2019).  Like Plaintiff in this case, the plaintiff
3  in *Pervez* was prohibited from owning a firearm under federal law.  *Id*. at *1.  She filed a
4  complaint requesting an order that the CA DOJ erase, amend, or remove all mental health
5  records.  *Id*. at *2.  The court, however, found that the *Ex parte Young* exception did not apply
6  because the CA DOJ does not direct or control the mental health facilities responsible for the
7  reporting an individual's mental health treatment, and that the role of the CA DOJ is purely
8  administrative.  *Id*. at *5.  Without a direct connection to the mental health facility's
9  determination, the court concluded that the Eleventh Amendment barred the plaintiff's claims
10 against the California Attorney General.  *Id*. at *6.  The same situation exists here.  There is no
11 direct connection between the California Attorney General and the federal government's
12 determination that Plaintiff is prohibited from possessing a firearm under federal law.[2]  Thus, this
13 Court should reach the same conclusion as in *Pervez*, and grant the California Attorney General's
14 motion to dismiss Plaintiff's Second Amendment and equal protection claims under Eleventh
15 Amendment immunity.

**III.   PLAINTIFF'S EQUAL PROTECTION CLAIM IS SUBSUMED BY HIS SECOND AMENDMENT CLAIM**

The Ninth Circuit has stated that "[t]o the extent that the Equal Protection challenge is based on the Second Amendment's fundamental right to bear arms and the disparate treatment of groups in exercising that right . . . that challenge is subsumed in the Second Amendment inquiry." *Pena v. Lindley*, 898 F.3d 969, 986 (9th Cir. 2018); *see also Teixeira v. County of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016) (stating that where an "equal protection challenge is no more than a Second Amendment claim dressed in equal protection clothing, it is subsumed by, and coextensive with the former, and therefore not cognizable under the Equal Protection Clause" (quotations marks, brackets, and internal citation omitted)), *on reh'g en banc*, 873 F.3d 670, 676 n.7 (9th Cir. 2017) (affirming dismissal of the equal protection claim "for the reasons given in the

---

[2] To the extent that Plaintiff claims there was an error in his criminal history record, the FBI has directed him to contact the Santa Cruz County Sheriff's Office.  *See* Compl., Exh. D.

6

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

panel opinion"). This is the case here. Plaintiff claims that his equal protection rights have been violated because he has allegedly been improperly denied "his Second Amendment rights." Compl., ¶ 65. Thus, Plaintiff's equal protection claim cannot provide an independent basis for relief, and should be dismissed.

### IV. NO JUSTICIABLE CONTROVERSY EXISTS BETWEEN PLAINTIFF AND THE CALIFORNIA ATTORNEY GENERAL

The California Attorney General also moves to dismiss because Plaintiff lacks Article III standing. As an initial matter, any standing analysis is unnecessary in the event the Court were to find this suit barred by the Eleventh Amendment. *See Snoeck*, 153 F.3d at 988 ("Because the Eleventh Amendment bar conclusively ends this dispute we need not address the related issue of standing which the district court found plaintiffs lacked."); *L.A. Branch NAACP*, 714 F.2d at 949 n.3 ("We need not ask the district court on remand to find whether these powers and duties are sufficient to raise a justiciable case or controversy against the Governor in this case, however, since we hold below that he is immune from suit here under the Eleventh Amendment.")

Assuming the court reaches the Article III standing issue, Plaintiff must establish the existence of a "case or controversy" between him and the California Attorney General. *See ACLU of Nev. v. Masto*, 670 F.3d 1046, 1061-62 (9th Cir. 2012); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). Among other things, this requires a causal connection between plaintiff's injury and the defendant's actions. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Here, Plaintiff cannot show that the CA DOJ affirmatively, or by improper omission, took any unlawful action to harm him. Again, the complaint makes clear that in 2022, the FBI determined that Plaintiff was prohibited from possessing a firearm under 18 U.S.C. §§ 921(a)(33) and 922(g)(9), and that the denial of Plaintiff's firearm purchase was based on federal law. Compl., Exh. D. And there are no allegations that Plaintiff's firearms prohibition is based on California law. In other words, there is no causal connection between Plaintiff's injury (inability to possess a firearm) and any allegedly unlawful conduct by the CA DOJ. *See Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976) (Plaintiffs lacked standing to challenge an IRS ruling because they could not show that their alleged injury, a denial of medical services, was

7

1  traceable to the IRS ruling, rather than to the hospitals' independent action).  It is the federal
2  government applying a federal statute that is preventing Plaintiff from acquiring a firearm.  *See*
3  Compl., Ex. D ("The FBI's Criminal Justice Information Services (CJIS) Division . . . has
4  determined [that Mr. Bard Daniel Brinson] is not eligible to be entered into the VAF . . . [because
5  his record] contains information that falls under the following prohibitive category: Title 18,
6  United States Code, Sections 921(a)(33) and 922(g)(9) . . . ."); *see also id.*, Exh. A, at 3 ("this is a
7  federal prohibition issue").

8       In this particular case, the CA DOJ's role merely involves receiving information from the
9  federal government regarding Plaintiff's prohibition.  *See* Cal. Penal Code § 28220(b) ("The
10 Department of Justice shall participate in the National Instant Criminal Background Check
11 System (NICS), as described in subsection (t) of Section 922 of Title 18 of the United States
12 Code").  Even though Plaintiff may disagree with the propriety of his federal firearms prohibition,
13 that disagreement has no connection to the CA DOJ and instead should be directed to the federal
14 government.  In fact, if Plaintiff were to prevail in his challenge against the federal government's
15 application of federal law, he would receive full relief through the issuance of an injunction
16 against the federal government.  At bottom, no case or controversy exists with respect to the
17 California Attorney General and thus Plaintiff lacks standing to bring this suit against the
18 California Attorney General.

## CONCLUSION

20      The complaint does not allege that the California Attorney General was responsible for any
21 erroneous information in Plaintiff's records or for Plaintiff's firearms prohibition under federal
22 law.  Thus, Plaintiff fails to state a claim under 18 U.S.C. § 925A against the California Attorney
23 General.  As for the Second Amendment and equal protection claims, the Eleventh Amendment
24 bars Plaintiff from bringing those claims against the California Attorney General.  And Plaintiff's
25 equal protection claim does not provide an independent basis for relief.  Moreover, Plaintiff lacks
26 Article III standing because there is no controversy between Plaintiff and the California Attorney
27 General.  Accordingly, the California Attorney General respectfully requests that the Court grant
28 this motion to dismiss.

8

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

Dated: March 6, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Jerry Yen*

JERRY T. YEN
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as California Attorney General*

9

Defendant Attorney General Rob Bonta's Notice of Motion; Mot. To Dismiss;
P. & A. in Support of Mot. To Dismiss (3:22-cv-09076)

# CERTIFICATE OF SERVICE

| Case Name: | **Brinson, Brad D. v. Merrick B. Garland, et al.** | No. | **3:22-cv-09076** |

I hereby certify that on <u>March 6, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION; MOTION TO DISMISS; POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 6, 2023</u>, at Sacramento, California.

|  |  |
|---|---|
| Ksenia Lavrushchak | */s/ Ksenia Lavrushchak* |
| Declarant | Signature |

SA2022305863
36980693.docx