C.D. Michel – SBN 144258
Mathew D. Cubeiro – SBN 291519
Alexander A. Frank – SBN 311718
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
E-mail: mcubeiro@michellawyers.com

Attorneys for Plaintiff Brad D. Brinson

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD D. BRINSON, an individual;<br><br>                                Plaintiff,<br><br>                        v.<br><br>MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10<br><br>                                Defendants. | Case No.: 22-cv-09076-JCS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ROB BONTA'S MOTION TO DISMISS**<br><br>Hearing Date:  April 20, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom:      8<br>Judge:          Hon. Jacqueline Corley<br><br>Action Filed: December 22, 2022 |

**INTRODUCTION**

Plaintiff Brad Brinson is eligible to own and possess firearms. Defendant Rob Bonta's Motion to Dismiss does not challenge this fact. And this case does not challenge the records associated with Plaintiff Brinson's 1997 conviction. Instead, this case challenges the *interpretation* of Plaintiff Brinson's 1997 conviction by the California Department of Justice and the Federal Bureau of Investigation, which have caused Plaintiff Brinson's erroneous firearm purchase denial. Defendant Bonta's Motion to Dismiss should be denied for three reasons. If Plaintiff Brinson's allegations are considered insufficient in any respect as applied to Defendant Bonta, Plaintiff Brinson requests this Court give him leave to amend.

**STATEMENT OF FACTS**

In 1997, Plaintiff Brinson was convicted of a misdemeanor violation of California Penal Code section 243(e). Compl. ¶ 31. The victim was in a dating relationship with Plaintiff Brinson at the time. *Id*. In 2014, Plaintiff Brinson tried to purchase a firearm in California lawfully but was denied. Compl. ¶ 33. Plaintiff Brinson was later informed that the denial was because his 1997 conviction was being treated as a "misdemeanor crime of domestic violence." *Id*. Individuals convicted of a misdemeanor crime of domestic violence are generally prohibited from owning or possessing firearms for life. 18 U.S.C. § 922(g)(9).

At the time of Plaintiff Brinson's conviction, a "misdemeanor crime of domestic violence" was defined as an offense that "has, as an element, the use or attempted use of physical force" committed by a:

- Current or former spouse, parent, or guardian of the victim;
- Person with whom the victim shares a child in common;
- Person cohabitating with or has cohabitated with the victim as a spouse, parent, or guardian; or,
- Person similarly situated to a spouse, parent, or guardian of the victim.

PLAINTIFF'S OPPOSITION TO DEFENDANT BONTA'S MOTION TO DISMISS
Case No.: 22-cv-09076-JCS

1   18 U.S.C. § 921(a)(33)(A)(ii) (effective until June 25, 2022).[1] A dating relationship, like Plaintiff

2   Brinson's, cannot qualify as a misdemeanor crime of domestic violence. *United States v. Nobriga*, 408

3   F.3d 1178, 1183 (9th Cir. 2005).  Plaintiff Brinson was thus denied because his 1997 conviction was

4   wrongly labeled a misdemeanor crime of domestic violence.

5       Following his denial, Plaintiff Brinson retained counsel who contacted Kimberly Granger,

6   Deputy Attorney General with DOJ, and William Finch, Assistant General Counsel of the Office of the

7   General Counsel of the FBI. Compl. ¶ 34. Assistant General Counsel Finch responded that Plaintiff

8   Brinson was "not federally prohibited" and that his relationship "is and was a dating relationship [that]

9   does not qualify the conviction as a misdemeanor crime of domestic violence" under section 921 of Title

10  18 of the United States Code. *Id.* ¶ 35,  Ex. A.

11      Following this communication with Assistant General Counsel Finch, Deputy Granger contacted

12  another attorney at the FBI, Drew Crislip, "to verify NICS' understanding" of Plaintiff Brinson's

13  criminal history. *Id.* ¶ 37,Ex. A. After confirming a second time that the FBI did not consider Plaintiff

14  Brinson prohibited, Deputy Granger informed Plaintiff Brinson's counsel that DOJ "agreed with Mr.

15  Finch's determination [and] made a notation of this fact on Mr. Brinson's record." *Id.* ¶ 38,Ex. A.

16      For several years, Plaintiff Brinson lawfully purchased firearms without issue.  *Id.* ¶ 39. But on

17  November 23, 2018, Plaintiff Brinson was denied a lawful transfer because his 1997 conviction was

18  again interpreted as a misdemeanor crime of domestic violence. *Id.* ¶ 40, Exs. B-C. Plaintiff Brinson's

19  counsel tried to resolve the problem with Deputy Attorney General Robert Wilson (Deputy Granger's

20  successor) but could not. *Id.* ¶¶ 41-45. He also tried to appeal the denial to the FBI, but his appeal was

21  denied on July 12, 2022. *Id.* Ex. D. Left with no other choice, Plaintiff sued.

22

23  / / /

24  / / /

25

26      [1] As stated in the Complaint, on June 25, 2022, this definition was amended following the enactment

27  of the Bipartisan Safer Communities Act to include "a person who has a current or recent former dating relationship with the victim." 117 P.C. 159 (codified at 18 U.S.C. § 921(a)(33)(A)(ii)); *See also* Compl.

28  ¶ 29. But this change "shall not apply to any conviction of a misdemeanor crime of domestic violence entered before the date of enactment of this Act." 117 P.L. 159 at Sec. 12005(b).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ARGUMENT

## I.   LEGAL STANDARD

On a Rule 12(b)(6) motion, a court cannot resolve or determine questions of fact. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) (citation omitted). So, in determining whether to dismiss the complaint, this Court must treat all factual allegations as true and construe the complaint in the light most favorable to Plaintiff. *See Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). To survive Defendant Bonta's Motion to Dismiss, the complaint needs only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *See Ashcroft v. Uqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The bar is not high.

Motions to dismiss are disfavored because, among other things, a case should not be tried on the pleadings. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957). This Court should not grant this motion "unless it appears *beyond doubt*" that Plaintiff Brinson's claims are clearly not plausible. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (emphasis added). Thus, only under extraordinary circumstances is dismissal proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (citation omitted). In fact, leave to amend is freely granted when justice so requires.  Fed. R. Civ. P. 15(a)(2).

## II.   THE CALIFORNIA ATTORNEY GENERAL—*NOT THE FEDERAL GOVERNMENT*—MAKES THE FINAL DECISION ON PLAINTIFF BRINSON'S FIREARM ELIGIBILITY

California is one of several Point of Contact ("POC") states for firearm background checks where DOJ serves "as an intermediary between an FFL and the federal databases checked" in the National Instant Criminal Background Check System ("NICS"). 28 C.F.R. § 25.2. All FFLs must contact NICS for information on whether receipt of a firearm by a person would violate federal or state law. *Id*. DOJ "will receive NICS background check requests from FFLs, check state or local record systems, perform NICS inquires, ***determine*** whether matching records provide information demonstrating that an individual is disqualified from possessing a firearm ***under Federal or state law***, and respond to FFLs with the results of a NICS background check." *Id*. (double emphasis added). In other words, California accesses NICS as a POC state to determine a person's eligibility under federal ***and*** state law.

When NICS receives an inquiry from a POC state, it searches relevant databases "for any matching record(s) and will provide an electronic response to the POC." 28 C.F.R. § 25.6(f). NICS will respond to the POC state in one of these four ways:

> (1)   No record response - no matching records exist;
>
> (2)   Partial response – NICS has not completed the search and a follow-up response will provide the complete search results;
>
> (3)   Since matching record response – one matching record was found; or,
>
> (4)   Multiple matching record response – more than one matching record was found.

28 C.F.R. § 25.6(f)(1-4).

After receiving one of the above four responses, a POC state will then "*[c]onfirm* any matching records" and "[n]otify the FFL that the transfer may proceed, is delayed pending further record analysis, or is denied." 28 C.F.R. § 25.6(g) (emphasis added). A POC state must then inform the FBI of *the POC's decision* to notify the FFL to proceed, delay, or deny the transaction. 28 C.F.R. § 25.6(h) ("POC Determination Messages. POCs shall transmit electronic NICS transaction determination messages to the FBI . . ..").

Defendant Bonta's contention that DOJ's role "merely involves receiving information from the federal government regarding Plaintiff Brinson's prohibition" is therefore inaccurate or reveals Defendant Bonta's own misunderstanding of his role and responsibilities for conducting firearm background checks. *See* Def. Bonta's Mot. Dismiss ("Def.'s Mot.") 8. As applied to Plaintiff Brinson, Defendant Bonta either made the final determination that Plaintiff Brinson was prohibited or failed to exercise his authority to confirm that Plaintiff Brinson's 1997 conviction is not a misdemeanor crime of domestic violence. But this Court need not decide which is true at this time. Instead, this Court should assume both to be true and construe the facts in a manner most favorable to Plaintiff Brinson. *Pillsbury*, 31 F.3d at 928.

### III.   THE COMPLAINT PLEADS FACTUAL ALLEGATIONS SPECIFIC TO DEFENDANT BONTA'S ROLE IN DENYING PLAINTIFF BRINSON'S LAWFUL FIREARM TRANSFER

Setting aside the above federal regulations and firearm background check procedures which make clear that Defendant Bonta is the ultimate arbiter of Plaintiff Brinson's eligibility, the complaint

pleads sufficient facts about Defendant Bonta's involvement in Plaintiff Brinson's denial. For instance, the email exchanges between Deputy Attorney General Granger and Plaintiff Brinson's counsel included with the complaint prove that Defendant Bonta denied Plaintiff Brinson's attempted firearm purchase. Following Assistant General Counsel Finch's determination, Deputy Granger informed Plaintiff Brinson's counsel that she was "***working with*** another attorney at the FBI, Drew Crislip, to verify NICS' understanding" of Plaintiff Brinson's eligibility. Compl. Ex. A. (email dated July 31, 2014) (emphasis added). If Plaintiff Brinson's denial was solely the result of the FBI's determination, as alleged by Defendant Bonta, then there would be no need for DOJ to work with or verify Plaintiff Brinson's eligibility with a second FBI attorney. *See* Def.'s Mot. 8 ("It is the federal government applying a federal statute that is preventing plaintiff from acquiring a firearm.").

The same can be said for Deputy Granger's follow-up email to Plaintiff Brinson's counsel. Deputy Granger stated, "DOJ has ***made a notation***" about Plaintiff Brinson's eligibility on his record "and barring any other prohibiting offense/circumstance, he may reapply for a gun purchase." Compl. Ex. A. (email dated Aug. 8, 2014) (emphasis added). Not only was Deputy Granger giving the final permission for Plaintiff Brinson to attempt his purchase again, but DOJ—*not the FBI*—added this "notation" on Plaintiff Brinson's record. Moreover, Plaintiff Brinson's 2018 denial was issued on Defendant Bonta's official letterhead for DOJ's Bureau of Firearms. *Id.* Exs. B-C.

These facts, which this Court must assume to be true and construe in a manner most favorable to Plaintiff, state a claim to relief that is plausible on its face. *Pillsbury*, 31 F.3d at 928; *Ashcroft v. Uqbal*, 556 U.S. 662, 678 (2009). Plaintiff Brinson does not contend the record of his conviction is somehow inaccurate or based on some prohibition under California law, as Defendant Bonta contends. Def.'s Mot. 7. Instead, he challenges the interpretation of those records by Defendant Bonta. Plaintiff Brinson should therefore be allowed to prove his claims against Defendant Bonta as a case or controversy exists between Plaintiff Brinson and Defendant Bonta. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

## IV.   THE ELEVENTH AMENDMENT DOES NOT BAR SUIT AGAINST DEFENDANT BONTA

Defendant Bonta's sovereign immunity argument turns on a mischaracterization of Plaintiff Brinson's central allegation. Defendant Bonta contends that "[h]ere, the complaint makes clear that in 2022, the FBI determined that Plaintiff was prohibited from possessing a firearm under 18 U.S.C. §§

PLAINTIFF'S OPPOSITION TO DEFENDANT BONTA'S MOTION TO DISMISS
Case No.: 22-cv-09076-JCS

921(a)(33) and 922(g)(9), and that the denial of Plaintiff's firearm purchase is based on federal law." Def's. Mot. 5. He continues, "[n]evertheless Plaintiff appears to claim that the California Attorney General violated the Second Amendment and Equal Protection Clause by determining that federal law prohibits Plaintiff from possessing a firearm." *Id*. Defendant Bonta argues that "[e]ven accepting these allegations as true, the California Attorney General 'lacks the power' to contravene the FBI's determination that federal law prohibits Plaintiff from possessing a firearm." *Id*.

Defendant Bonta ignores Plaintiff Brinson's allegation that his attempt to transfer a firearm lawfully failed because either the FBI *or* DOJ erred in prohibiting Plaintiff Brinson's attempted lawful firearm transfer. It is unclear what role DOJ played in the process, but there is sufficient reason to believe it played a role. Compl. ¶ 50. The complaint alleges that DOJ is very likely a joint tortfeasor in reaching the flawed conclusion denying Plaintiff Brinson's attempted lawful firearm transfer. Thus, the issue here is not solely *who* prevented Plaintiff Brinson's firearm transfer, but *why*. If the *why* reveals DOJ played a role, it also faces liability.

Moreover, this allegation is enough to survive Defendant Bonta's Motion to Dismiss because, at the pleading stage, there is no way to determine whether Plaintiff Brinson's allegations against Defendant Bonta fail as a matter of law. *Cook*, 911 F.2d at 245. If Defendant Bonta made an erroneous determination, which must be assumed to be true on a motion to dismiss, he faces liability. Defendant Bonta cites no authority that he cannot be held responsible on the facts as pled.

Defendant Bonta's argument that Plaintiff Brinson's allegations do not directly implicate him and therefore do not fit into the *Ex parte Young* avenue to relief is unavailing. Def.s Mot. 5-6. First, Plaintiff Brinson seeks to prevent Defendant Bonta from taking any further actions that would impact his rights. Compl. 12. He therefore seeks the type of prospective declaratory relief that the *Ex Parte Young* exception to Eleventh Amendment sovereign immunity allows. Second, Plaintiff Brinson sufficiently pleads that Defendant Bonta is involved in wrongful conduct. As shown above, Defendant Bonta does not lack the power to prevent Plaintiff Brinson's lawful firearm transfer from being denied.

Defendant Bonta's reliance on *Pervez v. Becerra*, No. 18-cv-02793, 2019 U.S. Dist. LEXIS 108950 (E.D. Cal. June 27, 2019), to argue otherwise is is also unconvincing.. In *Pervez*, a woman sought to transfer a firearm in Nevada but the federal government denied her transfer citing a brief

commitment to a mental institution in California under California Welfare and Institutions Code section 5250. *Id*. at *2. Although California law imposes only a 5-year prohibition on people committed under section 5250, federal law imposes a lifetime prohibition under 18 U.S.C. § 922(g)(4). Plaintiff alleged that the 5250 record was incorrect because the time she spent at the institution was not a section 5250 commitment and that California's provision of the record used to deny her Nevada firearm transfer originated with DOJ. *Id*. at *5. The state moved to dismiss on Eleventh Amendment grounds, asserting that "[t]he state defendants… have no power to alter plaintiff's mental health records or otherwise remove her federal firearm prohibition and thus cannot grant her the relief that she seeks." *Id*. at *9. Thus the state argued that the plaintiff could not show a direct connection to the act that caused the injury, and sovereign immunity therefore barred the suit. *Id*.

The court agreed, reasoning that the "*Ex parte Young* exception does not apply to her claims here because those officials have no direct connection to the challenged state action at the heart of plaintiff's claims." *Id*. at *11. "[U]nder California law neither the Attorney General nor any other DOJ employee directs or controls the mental health facilities responsible for the imposition of a section 5250 hold in the first instance. Further, the role of the DOJ in this statutory system is purely administrative, without an enforcement function." *Id*. "Such a generalized supervisory duty over DOJ employees who are not responsible for making section 5250 determinations does not subject the Attorney General to suit here." *Id*. at *13. The *Pervez* court essentially reasoned that the state DOJ was not truly involved in, and thus not responsible for, generating the purportedly problematic mental health record that was the basis for the rejected Nevada firearm transfer. The mental health facility was responsible. But more importantly, as the transaction took place in Nevada, Defendant Bonta had no involvement in the firearm background check process that took place in Nevada.

That is very different from what Plaintiff Brinson alleges here. In *Pervez,* the issue was that the California mental health agency made a mistake. In contrast, here Plaintiff Brinson alleges DOJ is the cause of, or at least part of the cause, of an erroneous denial of a firearm transfer. The difference is clear, and the State's contention that this is the "same situation" as in *Pervez* is wrong. Def. Mot. Dismiss at 6. Here there is indeed a direct connection between DOJ and its determination that Plaintiff is prohibited, sufficient to at least survive a pleadings challenge. *Id*. Thus *Pervez* is distinguishable and does not help

1    Defendant Bonta's sovereign immunity argument.

2    **V.    PLAINTIFF BRINSON'S EQUAL PROTECTION CLAIM IS NOT SUBSUMED BY HIS SECOND**
3         **AMENDMENT CLAIM**

4         Defendant Bonta also mischaracterizes Plaintiff Brinson's equal protection claim. The

5    interpretation of Plaintiff Brinson's criminal record as a "misdemeanor crime of domestic violence" can

6    and will corrode Plaintiff Brinson's rights in ways unrelated to his Second Amendment rights. For

7    instance, under California law, a misdemeanor crime of domestic violence is a basis for the revocation

8    of professional licensure. *See Lanigan v. City of Los Angeles*, 199 Cal. App. 4th 1020 (2011). Plaintiff

9    Brinson will also be barred from seeking employment with any profession requiring the use and or

10   possession of firearms, including employment with an FFL, law enforcement agency, armed security,

11   and service in the United States military.

12        Aside from potential employment and licensing issues, should Defendant Bonta take no

13   corrective action regarding the erroneous determination about Plaintiff Brinson's 1997 conviction, it will

14   be exposing him to potential civil and criminal penalties for merely exercising his Second Amendment

15   rights, to which Plaintiff Brinson is entitled and Defendant Bonta does not dispute. This includes

16   subjecting Plaintiff Brinson to arrest and prosecution for allegedly being convicted of a misdemeanor

17   crime of domestic violence and being therefore listed in Defendant Bonta's "Armed Prohibited Person's

18   System" by nature of his prior lawful firearm acquisitions.[2]

19

20   / / /

21

22   / / /

23

24   / / /

25

26   _____

27   [2] *See* California Department of Justice, Bureau of Firearms, *APPS Database*,
     https://oag.ca.gov/ogvp/apps-database (last visited March 17, 2023) (noting that a person can be listed in
28   APPS if they have "purchased or transferred firearms legally" and are prohibited if "due to a . . .
     domestic violence conviction").

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that this Court deny Defendant Rob Bonta's Motion to Dismiss. If Plaintiff's allegations are seen as insufficient in any respect as applied to Defendant Rob Bonta, Plaintiff requests that leave to amend be granted.

Dated: March 20, 2023

**MICHEL & ASSOCIATES, P.C.**

*s/Matthew D. Cubeiro*
Matthew D. Cubeiro
Attorneys for Plaintiff Brad D. Brinson

PLAINTIFF'S OPPOSITION TO DEFENDANT BONTA'S MOTION TO DISMISS
Case No.: 22-cv-09076-JCS

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Name: *Brinson v. Merrick, et al.*
Case No.: 22-cv-09076-JCS

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFF'S OPPOSITION TO DEFENDANT ROB BONTA'S MOTION TO DISMISS**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Jerry T. Yen
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7836
Fax: (916) 324-8835
E-mail: Jerry.Yen@doj.ca.gov
   *Attorneys for Rob Bonta*

Michael A. Keough
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
E-mail: michael.keough@usdoj.gov
   *Attorneys for Defendant Merrick B. Garland*

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 20, 2023.

Laura Palmerin