1  ROB BONTA
   Attorney General of California
2  ANTHONY R. HAKL
   Supervising Deputy Attorney General
3  JERRY T. YEN
   Deputy Attorney General
4  State Bar No. 247988
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 210-7836
     Fax: (916) 324-8835
7    E-mail: Jerry.Yen@doj.ca.gov
   *Attorneys for Rob Bonta, in his official*
8  *Capacity as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRAD D. BRINSON,**<br><br>                              Plaintiff,<br><br>        v.<br><br>**MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,**<br><br>                              Defendants. | Case No. 3:22-cv-09076<br><br>**DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:           April 19, 2023<br>Time:           10:00 a.m.<br>Courtroom:   8<br>Judge:          Hon. Jacqueline Scott Corley<br>Action Filed: December 22, 2022 |

**INTRODUCTION**

Plaintiff Brad Brinson's firearms prohibition is based on federal law and the federal government's determination that his conviction for domestic battery qualifies as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9). Plaintiff cites no authority where a state can disregard the federal government's determination that an individual is subject to a federal firearms prohibition. Further, Plaintiff cannot and does not dispute that, if he were to prevail in his challenge against the federal government's application of federal law, he would receive full relief through the issuance of an injunction against the federal government. In short, the California Department of Justice (CA DOJ) lacks the requisite connection to Plaintiff's federal firearms prohibition for him to bring this suit against the California Attorney General.

**ARGUMENT**

I. **THE 18 U.S.C. § 925A CLAIM AGAINST THE CALIFORNIA ATTORNEY GENERAL FAILS BECAUSE PLAINTIFF DOES NOT ALLEGE THAT THE STATE PROVIDED ERRONEOUS INFORMATION REGARDING HIS CONVICTION**

As discussed in the motion to dismiss, there must be an allegation that "the State provided erroneous information that proximately caused denial of a firearm" in order to state a claim under 18 U.S.C. § 925A against the California Attorney General. Motion to Dismiss, ECF No. 15, at 3 (citations omitted). Here, Plaintiff admits that he is not challenging his conviction records. Opposition to Motion to Dismiss (Opp'n), ECF No. 23, at 1, 5. Thus, the complaint fails to state a claim under 18 U.S.C. § 925A against the California Attorney General.

II. **ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE CALIFORNIA ATTORNEY GENERAL**

California's role as a point of contact state for running firearm background checks does not create a sufficient connection to Plaintiff's federal firearms prohibition to overcome Eleventh Amendment immunity. As a point of contact state, the CA DOJ merely checks the National Instant Criminal Background Check System (NICS) to "determine whether *matching records* . . . disqualif[y] [an individual] from possessing a firearm . . . ." 28 C.F.R. § 25.2 (emphasis added). After receiving a response from NICS, the CA DOJ will "confirm" any "matching records" by ensuring that the purchaser's identifying information matches the NICS records. *See* 28 C.F.R.

§ 25.6(f) and (g); *see also* 28 C.F.R. § 25.7 (listing the search descriptors used when running background checks through NICS).  Thus, none of the regulations cited in Plaintiff's opposition support his argument that the CA DOJ played a role, much less made a "final" decision, in determining Plaintiff's firearms prohibition in NICS.

Without a direct connection to Plaintiff's federal prohibition determination, Plaintiff is left to argue that the CA DOJ was involved because it "made a notation" in Plaintiff's records.  Opp'n at 5.  This is not enough to overcome the limited *Ex parte Young* exception to Eleventh Amendment immunity.  As Exhibit A to the complaint shows, the notation was made after the CA DOJ communicated with attorneys at the Federal Bureau of Investigation (FBI) to verify Plaintiff's NICS prohibition.  Compl., Exh. A.  Indeed, that exhibit and other exhibits to the complaint contradict Plaintiff's claim that the CA DOJ interpreted Plaintiff's records and determined that federal law prohibited Plaintiff from possessing a firearm.  *See id*. at Exhs. A and D.  Moreover, Plaintiff fails to cite any authority to support his claim that the CA DOJ has the "authority to confirm that Plaintiff Brinson's 1997 conviction [was] not a misdemeanor crime of domestic violence" under federal law or make a "final determination" on his federal firearms prohibition.  Opp'n at 4.  At bottom, Plaintiff is simply naming the California Attorney General as a "surrogate" for the federal government in an attempt "to evade the state's Eleventh Amendment immunity."  *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983).

Plaintiff next argues that the "complaint alleges that the CA DOJ is very likely a joint tortfeasor" and reached a "flawed conclusion denying Plaintiff Brinson's attempted lawful firearm transfer."  Opp'n at 6.  These conclusory allegations do not need to be accepted as true, because they directly conflict with the documents attached to the complaint.  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").  As discussed earlier and in the motion, those documents contradict any allegation that the CA DOJ was involved in Plaintiff's federal firearms prohibition.  Compl., Exhs. A and D.  Rather, they clearly show that it is the federal government making the determination of whether Plaintiff's 1997 conviction qualified as a "misdemeanor crime of domestic violence."  *Id*.

Plaintiff's attempt to distinguish *Pervez v. Becerra*, Case No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621 (E.D. Cal. June 28, 2019) also falls flat. Just like the mental health records in *Pervez*, the CA DOJ has no authority over the NICS records nor does it direct or control the NICS records imposing Plaintiff's federal firearms prohibition. *See* Compl., Exh. D. And just like the mental health determinations discussed in *Pervez*, the CA DOJ did not make the actual determination regarding Plaintiff's firearms prohibition under federal law. *See* Compl., Exhs. A and D. Accordingly, the CA DOJ's involvement "does not rise to the level sufficient to abrogate Eleventh Amendment Immunity." *Pervez*, 2019 WL 2715621, at *5.

### III. PLAINTIFF'S EQUAL PROTECTION CLAIM IS BASED ON HIS SECOND AMENDMENT CLAIM

There is no dispute that Plaintiff is claiming that his equal protection rights have been violated because he has allegedly been improperly denied "his Second Amendment rights." Compl., ¶ 65. Thus, his equal protection claim is clearly based on his Second Amendment claim.

Plaintiff's opposition now provides a litany of possibilities on the impact of an "interpretation of Plaintiff Brinson's criminal record as a 'misdemeanor crime of domestic violence' . . . ." Opp'n at 8. This is all irrelevant. As an initial matter, none of this appears in the complaint. More importantly, an equal protection claim requires a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. *Safeway Inc. v. City and County of San Francisco*, 797 F. Supp. 2d 964, 971 (N.D. Cal. 2011). There are no such allegations in the complaint or in Plaintiff's opposition. Accordingly, Plaintiff fails to allege sufficient facts to support an equal protection claim, and that claim should be dismissed.

### IV. THERE IS NO CASE OR CONTROVERSY BETWEEN PLAINTIFF AND THE CALIFORNIA ATTORNEY GENERAL

Plaintiff also lacks Article III standing to bring this suit because there is no case or controversy exists with respect to the California Attorney General. The only connection alleged between Plaintiff's federal firearms prohibition and the CA DOJ is the fact that the CA DOJ ran his firearm background checks, made a notation in his record after communicating with the FBI regarding his NICS prohibition, and issued the denial letter. *See* Opp'n at 4-5. However, this

3

does not qualify as a "casual connection" to establish a case or controversy for Article III standing, because none of the CA DOJ's actions are the source of the alleged injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating that the alleged injury must "not [be] the result of independent action of some third party") (citation omitted). As discussed earlier, the documents attached to the complaint clearly show that the federal government, not the CA DOJ, made the determinations regarding Plaintiff's federal firearms prohibition. Compl., Exh. A and D. And, only if Plaintiff were to prevail in his case against the federal government could he receive the relief he seeks.

## CONCLUSION

For the reasons stated above and in the motion to dismiss, the California Attorney General respectfully requests that the Court dismiss this action against the California Attorney General.

Dated:  March 27, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Jerry T. Yen*

JERRY T. YEN
Deputy Attorney General
*Attorneys for Rob Bonta, in his official Capacity as California Attorney General*

# CERTIFICATE OF SERVICE

| Case Name: | **Brinson, Brad D. v. Merrick B. Garland, et al.** | No. | **3:22-cv-09076 (N.D. Cal.)** |

I hereby certify that on <u>March 27, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S REPLY IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 27, 2023</u>, at Sacramento, California.

|  |  |
|---|---|
| Ksenia Lavrushchak | */s/ Ksenia Lavrushchak* |
| Declarant | Signature |

SA2022305863
37036724.docx