C.D. Michel – SBN 144258
Mathew D. Cubeiro – SBN 291519
Alexander A. Frank – SBN 311718
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: mcubeiro@michellawyers.com

Attorneys for Plaintiff Brad D. Brinson

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAD D. BRINSON, an individual;<br><br>                    Plaintiff,<br><br>                    v.<br><br>MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10<br><br>                    Defendants. | Case No.: 22-cv-09076-JCS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MERRICK B. GARLAND'S MOTION TO DISMISS**<br><br>Hearing Date: June 29, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom:    8<br>Judge:         Hon. Jacqueline Scott Corley<br><br>Action Filed: December 22, 2022 |

# INTRODUCTION

Plaintiff Brad Brinson's comprehensive criminal record, including the extrinsic materials that Defendant Attorney General Merrick Garland now seeks to include in his motion to dismiss, was thoroughly reviewed by at least two Assistant General Counsel of the Office of the General Counsel of the Federal Bureau of Investigation. Both concluded that Brinson's prior conviction was not a "misdemeanor crime of domestic violence" as defined under section 921 of Title 18 of the United States Code and that Brinson was indeed eligible to own and possess firearms. Now, for the first time and in response to this lawsuit, Attorney General Garland claims that Brinson's conviction precludes him from owning or possessing firearms based solely on allegations for which there was no factual finding and which Brinson contests.

Defendant Garland's motion to dismiss should be denied because Defendant Garland improperly seeks to introduce Exhibit A at the pleadings stage, and because Plaintiff Brinson has yet to be able to conduct discovery concerning any of the factual allegations now raised by Defendant Garland. If Brinson's allegations are considered insufficient in any respect as applied to Attorney General Garland's motion, Brinson asks this Court to give him leave to amend.

# STATEMENT OF FACTS

In 1997, Brinson was convicted of a misdemeanor violation of California Penal Code section 243(e). Compl. ¶ 31. As stated in the complaint, after being denied a lawful firearm purchase, Brinson's counsel contacted Assistant General Counsel William Finch of the FBI. Compl. ¶ 34. Finch concluded that Brinson's conviction was not federally prohibitive. Compl. ¶ 35. In no uncertain terms, he concluded "that the factual and legal parameters of [Brinson's] case are established by that conviction" which "included the fact of his relationship with the victim." *Id*. That is, Finch determined that Brinson's "relationship to the victim, as matter of law and fact, is and was a dating relationship" that "does *not* qualify the conviction as a misdemeanor crime of domestic violence under 18 U.S.C. 922(g)(9) and 921(a)(33), *the police report notwithstanding*." *Id*. (emphasis added). He also concluded that the "police report *cannot invalidate those judicially established findings* for purposes of the Brady Act." *Id*. (emphasis added).

Following the communication from Assistant General Counsel Finch, Brinson's attorney

1  contacted the California Department of Justice, which in turn sought to confirm Finch's conclusions.
2  Compl. ¶ 36. And a second Assistant General Counsel, Drew Crislip, informed the California DOJ that
3  Finch's conclusions were indeed correct. Compl. ¶ 37. After receiving confirmation from a *second*
4  Assistant General Counsel with the FBI, the California DOJ "made a notation" in Brinson's record and
5  allowed him to reapply for a firearm purchase. Compl. ¶ 38.

6  Over the next four years, Brinson lawfully bought firearms and enjoyed his Second Amendment
7  Rights. Compl. ¶ 5. But in 2018, he tried to make a lawful firearm purchase, but was once again denied
8  based on his 1997 conviction. Compl. ¶ 6. Because Brinson had no other convictions or issues that
9  would prohibit him from owning or possessing firearms and unsuccessfully tried to contest the denial
10 through proper administrative channels, Brinson sued.

## LEGAL STANDARD

12  Questions of fact cannot be resolved on a motion to dismiss for failure to state a claim. *Cook,*
13  *Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 245 (9th Cir. 1990) (citing *Rennie &*
14  *Laughlin, Inv. v. Chrysler Corp.*, 242 F.2d 208, 212 (9th Cir. 1957)). Moreover, a court must accept
15  material allegations as true and construe them in the light most favorable to the plaintiff. *Id*. (citing
16  *Ascon Props., Inv. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989)).

17  Generally, courts do not consider matters outside the pleadings on a Rule 12(b)(6) motion to
18  dismiss. While it is within the Court's discretion to do so, the motion must then be treated as a Rule 56
19  motion for summary judgment. Fed. R. Civ. P. 12(d). Only when the extrinsic evidence sought to be
20  introduced can be judicially noticed or incorporated into the complaint by reference may the Court rely
21  on matters outside the pleadings in ruling on a motion to dismiss. *Khoja v. Orexigen Theapeutics, Inv.*,
22  899 F.3d 988, 998 (9th Cir. 2018). If extrinsic evidence is neither judicially noticeable nor capable of
23  incorporation by reference, the Court can only rely on such evidence if it converts the motion to a
24  motion for summary judgment, giving all parties a reasonable opportunity to present all the material that
25  is pertinent to such a motion. *Id*. Indeed, it is a reversible error to grant a motion to dismiss that has been
26  converted to one for summary judgment without providing a reasonable opportunity to do so. *Id*.; *Mack*
27  *v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

28  Because Attorney General Garland's motion raises disputed questions of fact, Brinson's claims

cannot be resolved at this stage. And if the Court considers Garland's extrinsic evidence in ruling on this motion, the Court must treat the matter as a motion for summary judgment, giving Brinson a fair and reasonable opportunity to present whatever material is necessary to defend against such a motion.

## ARGUMENT

### I.   ATTORNEY GENERAL GARLAND SEEKS TO INTRODUCE IMPROPER EXTRINSIC EVIDENCE

In support of his motion to dismiss, Attorney General Garland asks this Court to take judicial notice of and incorporate by reference Exhibit A to the Declaration of Michael A. Keough. Def. Garland's Mot. Dismiss ("Def.'s Mot.") 3, n. 2. He contends that this Court may take judicial notice of the exhibit simply because it is a "matter of public record." *Id*. (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). And he argues that this Court may incorporate Exhibit A into the complaint by reference because the exhibit forms the basis of the complaint. *Id.* (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Both contentions are wrong.

### A.   The Extrinsic Evidence Cannot Be Judicially Noticed Because It Is a Police Report Subject to Reasonable Dispute

Rule 201(b) of the Federal Rules of Evidence limits the use of judicial notice to only those facts which are "not subject to reasonable dispute." Facts are indisputable only if either "generally known" or if they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Simply put, Attorney General Garland fails to meet this fundamental requirement for judicial notice.

Exhibit A generally consists of the court record concerning Plaintiff Brinson's conviction and several police reports. Presumably, Garland introduces the document in support of his (post hoc) claim that Brinson's conviction is a "misdemeanor crime of domestic violence," despite the undisputed fact that *two* Assistant General Counsel of the FBI confirmed for Brinson and the California DOJ that it was *not*. Compl. ¶¶ 35-38. And even though Plaintiff Brinson expressly alleges in his complaint that his misdemeanor conviction is *not* a "misdemeanor crime of domestic violence." *Id.* ¶¶ 1-9, 31-39. In any event, the parties' reasonable dispute over this material issue precludes this Court from taking judicial notice.

Attorney General Garland's reliance on *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

2003) also undermines his argument that Exhibit A should be judicially noticed. In *Ritchie*, the United States tried to introduce a declaration with eighteen exhibits including copies of notices, letters, and other materials. *Id.* at 906. The Ninth Circuit held that the government's argument that it may take judicial notice of these documents and the declaration was "unpersuasive." *Id.* at 908. As the court explained, although the "[Drug Enforcement Agency] is an 'administrative body' . . . that does not mean that all evidence related to this case . . . fits within the judicial notice exception." *Id*. at 909. Relevant here is the *Ritchie* court's reliance on *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985), which held that the existence and content of a police report are *not* properly the subject of judicial notice. *See Ritchie*, F.3d at 909. As *Pina* explains, the doctrine of judicial notice requires "that the matter be *beyond controversy*," and the more critical an issue is to the ultimate disposition of the case, the less appropriate judicial notice becomes. 752 F.2d at 50 (emphasis added) (citations omitted).

Here, not only is the proffered exhibit a police report—the very type of document the *Pina* court found it could not judicially notice—but also Brinson hotly disputes the contents and consequence of that report. It is *not* the proper subject of judicial notice. This Court should thus deny Attorney General Garland's request to take judicial notice of Exhibit A.

**B.   The Extrinsic Evidence Cannot Be Incorporated by Reference**

Attorney General Garland's position that Exhibit A should be incorporated by reference is equally unpersuasive. The doctrine of incorporation-by-reference allows litigants to treat documents as though they are part of the complaint itself. *Khoja*, 899 F.3d at 1002. If a document is not attached to a complaint, it may be incorporated if the complaint "refers extensively to the document or the document forms the basis" of the complaint. *Ritchie*, 342 F.3d at 908 (citations omitted). But if the document merely creates a defense to the complaint, then that document *necessarily* does not "form the basis of the complaint." *Khoja*, 899 F.3d at 1002. This must be so. Otherwise, a defendant could use the doctrine to insert their own version of events into the complaint to defeat a plaintiff's cognizable claims. *Id*. (citing *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995-96 (S.D. Cal. 2005); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006)).

At no point in the complaint is Exhibit A or its contents even mentioned. *See, e.g.*, Compl. ¶¶ 34-35 (stating that Assistant General Counsel Finch was contacted "concerning Plaintiff's *denial*" and that

"after reviewing Plaintiff's *conviction*," Finch "agreed [that] Plaintiff is 'not federally prohibited' and that his relationship with the victim 'is and was a dating relationship' that 'does not qualify the conviction as a misdemeanor crime of domestic violence' under federal law." (emphasis added)). Because the complaint does not even mention the court record, police report, or other documents included with Exhibit A, the complaint clearly does not even reference—let alone "extensively" reference—Exhibit A as Defendant Garland feebly claims. Def.'s Mot. 3, n. 2.

Defendant Garland appears to conflate the materials in Exhibit A with the materials that Plaintiff Brinson's claims are based on—the FBI's *prior determination* that Plaintiff Brinson's conviction does not prohibit him from owning or possessing firearms. As the complaint alleges, the communications from Assistant General Counsel Finch led Plaintiff Brinson to believe that the FBI's determination was final. *See* Compl. ¶¶ 38-39. And for a while, it seemed it was. Plaintiff Brinson was able to lawfully purchase and own firearms without incumbrance for at least four years after the Assistant General Counsel's determination was made. Because Plaintiff Brinson's claims rely on those communications and determinations—not court records, police reports, and the like—the documents in Exhibit A are in no way "integral" to Brinson's claim and cannot be incorporated by reference.

What's more, the police reports in Exhibit A are much like the affidavits that the *Ritchie* court expressly held are not allowed as pleading exhibits. *Id*. (citations omitted). Allowing Defendant Garland to introduce Exhibit A to create a defense to the complaint is merely another way to dispute the factual allegations in the complaint. But it comes with a perverse added benefit: unless this Court converts Defendant Garland's motion to dismiss into a motion for summary judgment, Plaintiff Brinson receives no opportunity to respond to Defendant Garland's new version of the facts. *Khoja*, 899 F.3d at 1003. This is procedurally improper, and the Court should deny Defendant Garland's request to incorporate Exhibit A.

**C.    The Extrinsic Materials Are Inadmissible Hearsay**

Regardless of the above, the contents of Exhibit A include a probable cause declaration signed by a police officer and a police report. Def.'s Mot. at 5, ex. A at 27, 34. Both documents include multiple levels of hearsay. Authentication by the officers that made the records would be necessary, and so would authentication by the individual from whom the officer obtained the information that went into

1  the record. So not only does this evidence not establish facts, but it is inadmissible until that happens

2  absent such authentication. Fed. R. Evid. 801.

**II.   IF THE COURT ACCEPTS ATTORNEY GENERAL'S EXTRINSIC EVIDENCE, BRINSON MUST BE GIVEN A FAIR OPPORTUNITY TO PRESENT ALL MATERIALS PERTINENT TO A MOTION FOR SUMMARY JUDGMENT, INCLUDING AN OPPORTUNITY TO CONDUCT DISCOVERY**

Defendant Garland argues that the police reports in the extrinsic materials establish that Plaintiff Brinson cohabitated with the victim of his conviction. Def's Mot. at 5. In doing so, Defendant Garland makes a *factual* assertion that he claims is incontrovertible. But it is clearly not incontrovertible. No adjudicative body ever determined that Plaintiff Brinson cohabitated with the victim of his earlier assault conviction—a fact that Defendant Garland concedes. Def.'s Mot. at 6. Defendant Garland also acknowledges that there was never an occasion to make such a finding because it was unnecessary to convict Plaintiff Brinson under California Penal Code section 243(e). *Id.* at 2. Defendant Garland cites *Hayes* to argue that this is immaterial. *Id.* at 6 (citing *Hayes*, 555 U.S. at 418). But *Hayes* only holds that the government may rely on factual findings made in another proceeding for its own purposes, even if those findings were unnecessary to secure a conviction in that proceeding. *Hayes*, 555 U.S. at 415 (noting the relationship "must be established beyond a reasonable doubt"). Again, no adjudicative body ever made the "factual" finding Defendant Garland tries to rely on here. And the use of a police report is not admissible for that purpose.

What's more, it is inappropriate for Defendant Garland to make this argument in the pleadings-challenge context. Again, if the Court entertains his use of the extrinsic police report to inject a factual dispute into this case, it necessarily converts this motion into a motion for summary judgment. *Khoja*, 899 F.3d at 998. And because Plaintiff Brinson disputes the material facts that Defendant Garland tries to establish, he is, at minimum, entitled to discovery before the Court rules in Defendant Garland's favor. If the Court accepts Exhibit A, the Court should construe as a motion for summary judgment, hold that material facts are in dispute, and deny the motion without prejudice, allowing Plaintiff Brinson to proceed to discovery.

Moreover, even if this material fact were not disputed, no Ninth Circuit authority recognizes that section 922(g)(9) applies to current and former cohabitants of a *dating* relationship. Defendant Garland cites two out-of-circuit cases for that argument. Def.'s Mot. at 6 (citing *Woods v. City & Cnty. of*

1  *Denver*, 62 F. App'x 286, 287-88 (10th Cir. 2003); *United States v. Lewitzke*, 176 F.3d 1022, 1025 (7th
2  Cir. 1999)). But after close inspection, it is clear neither case supports the Attorney General's position.
3  The *Woods* court says nothing about whether a prior-cohabitant boyfriend satisfies the elements of
4  section 922(g)(9) and instead resolved the case on jurisdictional grounds. *Woods*, 62 F. App'x at 288
5  ("at issue is whether the district court had jurisdiction to enter declaratory judgment."). And *Lewitzke* is
6  silent on the issue. Nor does *Chovan* support the Attorney General's arguments here, which concerned a
7  defendant who was convicted for violating California Penal Code section 273.5 (inflicting corporal
8  injury on a spouse). *United States v. Chovan*, 735 F.3d 1127, 1130 (9th Cir. 2013).

9      It bears repeating that two of Defendant Garland's own attorneys reviewed all materials about
10 Brinson's conviction, at a time *after* many of the cases Defendant Garland relies upon were decided, and
11 already determined that the conviction did not qualify as a "misdemeanor crime of domestic violence."
12 Compl. ¶¶ 35-38. Defendant Garland cannot ignore the fact that he now takes a completely contradictory
13 position.

14 **III.  BRINSON'S REMAINING CLAIMS AGAINST ATTORNEY GENERAL GARLAND STAND**

15     Defendant Garland argues that Plaintiff Brinson's Second Amendment claim should fail because
16 he is prohibited due to his conviction. Def. Mot. at 4. But whether Plaintiff Brinson is in a class of
17 persons that have historically been denied access to arms hinges on the factual dispute over whether
18 Brinson cohabitated with the victim of his misdemeanor. It is premature to entertain Attorney General
19 Garland's argument that Brinson is ineligible to exercise Second Amendment rights in the first place
20 because this fundamental dispute over whether Brinson's conviction places him in a class of firearms-
21 ineligible persons depends on establishing a fact that the Attorney General has failed to establish. Until
22 that fact is established, the argument must be tabled.

23     Defendant Garland also argues that Brinson's second and third causes of action should be
24 dismissed because section 1983 does not permit causes of action against federal officials and agents
25 acting under color of federal law. Def.'s Mot. at 13. But "federal employees, like private individuals, can
26 act under color of state law if they conspire to act in concert with state officials to deprive a person of
27 [their] civil rights." *Billing v. United States*, 57. F.3d 797, 801 (9th Cir. 1995) (citing *Collings v.*
28 *Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989)). The complaint alleges the federal government has

worked with California officials to obstruct Brinson's ability to exercise his Second Amendment rights. Compl. ¶¶ 50, 53, 58. Allowing Plaintiff Brinson to conduct discovery may ultimately reveal that this is not true,[1] but it would be improper to dismiss Plaintiff Brinson's claims offhand at this stage without giving him a reasonable opportunity to conduct discovery into the matter.

### IV.    REQUEST FOR LEAVE TO AMEND

Leave to amend is freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). For the reasons stated above, Plaintiff Brinson believes this Court need not consider any of the extrinsic materials now offered by Defendant Garland to support his motion to dismiss. But if this Court concludes that it may consider the extrinsic materials at this stage, and rules for Defendant Garland, Plaintiff Brinson asks this Court to grant leave to amend the complaint to address Defendant Garland's sudden and unexpected change in position.

### CONCLUSION

For these reasons, this Court should deny Defendant Garland's motion to dismiss and allow Plaintiff Brinson to conduct discovery to respond fully and completely to the extrinsic materials Defendant Garland now seeks to rely on. Should the Court grant the motion in any respect, Plaintiff Brinson asks this court to give him leave to amend.

Dated: May 18, 2023                                    **MICHEL & ASSOCIATES, P.C.**

                                                       *s/ Matthew D. Cubeiro*
                                                       Matthew D. Cubeiro
                                                       Counsel for Plaintiff

---

[1] Attorney General Garland's motion does not address whether Attorney General Garland or California Attorney General Bonta made the final decision to deny Brinson's attempted firearm purchase—even after California Attorney General Bonta filed his own motion to dismiss which this Court tabled pending a response from Attorney General Garland.
   Other email exchanges between Brinson's previous counsel and the defendants, which Brinson's current counsel was unaware existed, suggest that California Attorney General Bonta did indeed play a role in denying Brinson's attempted firearm purchase. Brinson should be given an opportunity to conduct further discovery on the matter.

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Name: *Brinson v. Merrick, et al.*
Case No.: 22-cv-09076-JCS

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFF'S OPPOSITION TO DEFENDANT MERRICK B. GARLAND'S MOTION TO DISMISS**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Jerry T. Yen
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7836
Fax: (916) 324-8835
E-mail: Jerry.Yen@doj.ca.gov
   *Attorneys for Rob Bonta*

Michael A. Keough
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
E-mail: michael.keough@usdoj.gov
   *Attorneys for Defendant Merrick B. Garland*

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 18, 2023.

*Laura Palmerin*