UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD DANIEL BRINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERRICK B. GARLAND, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-09076-JSC<br><br>**ORDER RE: DEFENDANT MERRICK B. GARLAND'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 27, 28 |

Plaintiff sues the Attorneys General of the United States and the State of California for denying him a lawful gun purchase. (Dkt. No. 1.)[1] Before the Court is United States Attorney General Merrick Garland's motion to dismiss. (Dkt. No. 28.) Having carefully considered the briefing, and with the benefit of oral argument on July 6, 2023, the Court GRANTS IN PART and DENIES IN PART the motion with leave to amend. Plaintiff plausibly alleges Defendant Garland denied him a firearm transfer based on erroneous information.

## COMPLAINT ALLEGATIONS

Federal law requires any person engaged in the business of dealing firearms to be a valid federal firearms licensee ("FFL"). (Dkt. 1 ¶ 19); *see* 18 U.S.C. § 922(a)(1)(A). To purchase a firearm from an FFL, a prospective buyer generally must furnish the FFL with a completed Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473. (Dkt. No. 1 ¶ 20); *see* 27 C.F.R. § 478.124. The FFL then contacts the National Instant Criminal Background Check System ("NICS") to perform a background check on the prospective transferee using the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

information provided in ATF Form 4473. (Dkt. No. 1 ¶ 22); *see* 27 C.F.R. § 478.124. The background check determines the prospective buyer's eligibility to receive firearms under federal or state law. (Dkt. No. 1 ¶¶ 21-22.)

Because California is a "Full Point of Contact" state, an FFL may submit a Dealer Record of Sale ("DROS") to the California Department of Justice ("CA DOJ") through the DROS Entry System instead of relaying information from ATF Form 4473 directly to NICS. (Dkt. No. 1 ¶¶ 23-24.) The CA DOJ uses the DROS to run a background check on the prospective transferee through NICS and several California databases to verify the transferee's eligibility to receive firearms. (Dkt. No. 1 ¶ 26.)

Federal law prohibits individuals who have been convicted of a "misdemeanor crime of domestic violence" from possessing or receiving "any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(9). A "misdemeanor crime of domestic violence"

> (i)  is a misdemeanor under Federal, State, Tribal, or local law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, *or by a person who has a current or recent former dating relationship with the victim.*

*Id*. § 921(a)(33)(A) (emphasis added). A "dating relationship" is any "relationship between individuals who have or have recently had a continuing serious relationship of a romantic or intimate nature." *Id*. § 921(a)(37)(A). Whether a relationship meets this definition depends on the length, nature, and frequency and type of interaction characteristic of the relationship. *Id*. § 921(a)(37)(B).

The "dating relationship" clause, italicized above, and accompanying definition are the products of recent amendment. *See* Pub. L. 117–159, § 12005(a) (June 25, 2022), 136 Stat. 1313. Before June 2022, the federal definition of "misdemeanor crime of domestic violence" pertinent to the lawful possession and acquisition of firearms did not cover dating relationships. *See id.* §

2

12005(b) ("The amendments made by subsection (a) shall not apply to any conviction of a misdemeanor crime of domestic violence entered before the date of enactment of this Act.").

In 1997, Plaintiff was convicted under California Penal Code § 243(e) of battery against a woman with whom he was involved in a dating relationship. (Dkt. No. 1 ¶¶ 2, 31.) Section 243(e) encompasses "a battery . . . committed against a spouse, a person with whom the defendant is cohabiting, a person who is the parent of the defendant's child, former spouse, fiancé, or fiancée, or a person with whom the defendant currently has, or has previously had, a dating or engagement relationship." Cal. Penal Code § 243(e)(1).

In 2014, Plaintiff was denied a firearm purchase because "Defendants labeled him prohibited from owning or possessing firearms due to his 1997 conviction." (Dkt. No. 1 ¶ 3.) Plaintiff's counsel contested the denial with two Assistant General Counsel of the Office of the General Counsel of the Federal Bureau of Investigation ("FBI") and a Deputy Attorney General to the California Attorney General, who confirmed Plaintiff's § 243(e) conviction did not prohibit him from owning or possessing firearms. (*Id.* ¶¶ 4, 33–38.) Thereafter, Plaintiff was able to buy firearms until 2018, when he was again denied the purchase of a firearm due to his 1997 conviction. (*Id.* ¶¶ 5-6, 39-40.)

Plaintiff contends his § 243(e) conviction does not qualify as a misdemeanor crime of domestic violence that could prohibit him from possessing or acquiring firearms under federal law because he was only in a dating relationship with the victim. (*Id.* ¶¶ 32, 40.) He knows of no other reason why he would be denied a lawful purchase. (*Id.* ¶ 42.) He has not been told whether the denial is by the FBI, CA DOJ, or both. (*Id.* ¶ 44.) He has also "been forced to dispossess himself of the firearms he lawfully acquired." (*Id.* ¶ 43.)

Plaintiff brings claims for erroneous denial of a firearm under 18 U.S.C. § 925A; violation of his Second Amendment rights; and violation of his equal protection rights under the Fourteenth Amendment. (*Id.* ¶¶ 46–65.) He seeks declaratory and injunctive relief. Plaintiff sues California Attorney General Bonta in his official capacity. Plaintiff likewise sues U.S. Attorney General Merrick B. Garland in his official capacity, which includes the authority "to dedicate federal law enforcement resources, include [*sic*] those of the [FBI] and the [ATF] to enforce the policies and

3

practices of the Attorney General and the [U.S. DOJ] as it relates to firearms, including required federal background checks on prospective firearm purchasers." (*Id.* ¶ 11.)

## DISCUSSION

Defendant Garland moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). For Plaintiff's complaint to survive, its factual allegations must raise a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). Though the Court must accept the complaint's factual allegations as true, conclusory assertions are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Generally, a district court may only consider the face of the complaint in deciding a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, "material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (citing *Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429–30 (9th Cir. 1978) (holding documents attached to a complaint, "as part of the complaint, are properly a part of the court's review as to whether plaintiff can prove any set of facts in support of its claim.")). Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

### I. ERRONEOUS DENIAL OF A FIREARM

Defendant Garland moves to dismiss Plaintiff's 18 U.S.C. § 925A claim on the grounds Plaintiff is ineligible to purchase a firearm. Section 925A allows "[a]ny person denied a firearm pursuant to subsection (s) or (t) of section 922--

> (1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or
> (2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,"

4

to bring an action against the entity responsible for denying the firearm transfer. To state a claim against Defendant Garland under § 925A, Plaintiff must allege (1) he has been denied a firearm transfer; (2) by Defendant; (3) due to erroneous information. *See* 18 U.S.C. § 925A(1).

Plaintiff plausibly alleges Defendant Garland denied him a firearm transfer based on erroneous information. (Dkt. No. 1 ¶¶ 6, 49, 53; *see* Dkt. Nos. 1-2, 1-3, 1-4.) First, he plausibly alleges the denial of the firearm transfer is based upon his 1997 misdemeanor domestic violence conviction. In particular, he attaches to his complaint a 2022 letter from the FBI's Criminal Justice Information Services Division denying Plaintiff's administrative appeal because Plaintiff is federally prohibited from possessing firearms due to misdemeanor domestic violence conviction. (*See* Dkt. No. 1-4 at 2.) Plaintiff alleges he has no other convictions aside from his 1997 conviction that would prohibit him from possessing firearms. (Dkt. No. 1 ¶¶ 6-7.) The letter and this allegation plausibly support an inference Defendant denied Plaintiff's 2018 firearm transfer based on Plaintiff's 1997 conviction.

Second, Plaintiff plausibly alleges his 1997 battery conviction does not prohibit him from possessing or receiving firearms. (*Id.* ¶¶ 49-53.) Plaintiff quotes a 2014 email from FBI attorney William Finch, which is attached to the complaint. (Dkt. No. 1 ¶ 35; *see* Dkt. No. 1-1 at 6.) In this email, Finch explained that Plaintiff's dating relationship with the victim of his 1997 battery did not qualify the conviction as a misdemeanor crime of domestic violence before concluding, "Mr. Brinson is not federally prohibited by his August 21, 1997 conviction from possessing or receiving a firearm." (Dkt. No. 1-1 at 6-7.) Plaintiff also provides a 2014 email from CA DOJ attorney Kimberly Granger. (Dkt. No. 1 ¶ 35; *see* Dkt. No. 1-1 at 3.) In this email, Granger confirms she verified Finch's determination with another FBI attorney, Drew Crislip, and "barring any other prohibiting offense/circumstance," Plaintiff may reapply for a gun purchase. (Dkt. 1-1 at 3.) Finally, after confirming Plaintiff's 1997 conviction did not prohibit him from possessing firearms, Plaintiff was able to "lawfully" purchase firearms until 2018. (Dkt. No. 1 ¶¶ 5-6, 39-40.) These allegations support a plausible inference that Plaintiff's 1997 conviction does not prohibit him from possessing or receiving firearms and therefore the 2018 denial was based on erroneous information.

5

Notwithstanding these allegations, Defendant argues Plaintiff's claim for erroneous denial of a firearm must be dismissed because Plaintiff is ineligible to purchase firearms. In particular, Defendant insists a Santa Cruz County Probable Cause Declaration and Bail Setting Information Form and Santa Cruz County Sheriff's report establish Plaintiff was cohabiting with his victim just prior to the battery, which qualifies the victim as a "person[] similarly situated to a spouse" within the meaning of § 922(g)(9). The cited documents say, "Brinson and victim previously lived together as boyfriend + girlfriend," (Dkt. No. 27-2 at 27), and "[Brinson and victim] lived together for a year in Felton." (*Id.* at 34.) Defendant requests the Court incorporate by reference or take judicial notice of the complete correspondence between Plaintiff's counsel and the FBI, including the Santa Cruz County documents.

When ruling on a Rule 12(b)(6) motion, district courts may consider documents attached to the complaint, documents incorporated by reference into the complaint, and matters of judicial notice without converting a motion to dismiss into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents not attached to a complaint whose contents are alleged and whose authenticity no party questions may be incorporated by reference into a complaint if the plaintiff's pleading refers extensively to the document or the document forms the basis of the plaintiff's claims. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); *Ritchie*, 342 F.3d at 908; *see also Tunac v. United States*, 897 F.3d 1197, 1207 (9th Cir. 2018) ("Although mere mention of the existence of a document is insufficient to incorporate the contents of a document, the document is incorporated when its contents are described and the document is integral to the complaint." (internal quotation marks omitted)).

The Court declines to incorporate by reference the additional correspondence and attached court record of Plaintiff's 1997 battery, including the Sheriff's report. Plaintiff neither alleges nor refers extensively to the documents Defendant seeks to introduce. It is not the Statement of Probable Cause or the Sheriff's report that form the basis of his claims, but instead the content and consequences of the FBI correspondence confirming Plaintiff's eligibility to purchase firearms. Indeed, FBI attorney Finch concluded in 2014 that Plaintiff was not federally prohibited from receiving firearms, "the police report notwithstanding." (Dkt. No. 1-1 at 6-7.) Based on FBI

6

attorney Finch's determination and FBI attorney Crislip's confirmation, Defendant was able to "lawfully" purchase guns for several years.  (Dkt. Nos. 1 ¶¶ 5-6, 39-40; 1-1 at 2-4, 6-7).

Further, incorporation is not appropriate because the previous cohabitation mentioned in the Santa Cruz County documents only serves to dispute Plaintiff's factual allegations regarding his eligibility to possess firearms.  *See Khoja*, 899 F.3d at 1002–03 ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.  Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.  […]. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.").  The Court also declines to judicially notice the documents because their contents are subject to reasonable dispute.  *See Ritchie*, 342 F.3d at 908-09 ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." (citing Fed. R. Evid. 201(b)).

Even if the Court were to incorporate these documents into the complaint or judicially notice them, the portions upon which Defendant relies are inadmissible hearsay.  Fed. R. Evid. 801.  Defendant argues the question of hearsay is inapposite because the contents of incorporated documents are accepted as true at the motion-to-dismiss stage.  Courts may, but are not required to, assume the contents of an incorporated document are true for purposes of a motion to dismiss.  *Davis*, 691 F.3d at 1160; *but see Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.  This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage.").  Here, the Court declines to incorporate the documents and refuses to assume the truth of their hearsay contents.

Finally, the Court notes that the cases upon which Defendant relies all involve **undisputed** facts supporting the finding the victim was a "person similarly situated to a spouse."  18 U.S.C. § 921(a)(33)(A)(ii). *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (the criminal defendant's failure to object to the presentence report, which recounted that the defendant "was

1  the aggressor in a physical altercation with his live-in girlfriend" made the fact of cohabitation
2  undisputed); *United States v. Costigan*, No. CR-009-B-H, 2000 WL 898455, at *1-2 (D. Me. June
3  16, 2000) (finding as proved beyond a reasonable doubt that the defendant and victim lived
4  together along with other facts supporting finding that defendant cohabited with victim as a
5  spouse); *United States v. Shelton*, 325 F.3d 553, 562-63 (5th Cir. 2003) (the defendant admitted at
6  trial that the victim was his "live-in girlfriend" of two months at the time of the assault); *United*
7  *States v. White*, 593 F.3d 1199, 1204-05 (11th Cir. 2010) (government established the underlying
8  domestic abuse offense was committed against a person with a specified domestic relationship
9  beyond a reasonable doubt).

Defendant may dispute Plaintiff's eligibility to possess firearms, but on a 12(b)(6) motion to dismiss the Court must accept the complaint's factual allegations as true and construe them in the light most favorable to Plaintiff. *See Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). The FBI's 2014 determination of Plaintiff's eligibility despite his 1997 conviction, combined with Plaintiff's consequent successful acquisition of firearms over several years, makes Plaintiff's eligibility plausible. Defendant cannot rely on hearsay reports to support the conclusion of ineligibility as a matter of law.

Accordingly, Plaintiff's claim for erroneous denial of a firearm is sufficiently pled.

## II. CONSTITUTIONAL CLAIMS

Plaintiff alleges Defendants' erroneous denial of a firearm transfer violates his rights under the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment. (Dkt. No. 1 ¶¶ 58-59, 65). The Second Amendment provides "the right of people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Defendant Garland asserts Plaintiff's Second Amendment claim should be dismissed because denying firearm possession under § 922(g)(9) does not violate the Second Amendment. (Dkt. 28 at 8, 13-19.) This argument is misplaced. The complaint does not challenge the constitutionality of § 922(g)(9). The complaint alleges denial of a firearm transfer due to the erroneous information that Plaintiff is prohibited under § 922(g)(9) from receiving a firearm. Plaintiff's Second Amendment claim is premised on this allegedly erroneous denial.

Defendant Garland also argues 42 U.S.C. § 1983 does not provide a cause of action against Defendant Garland as a federal officer. (Dkt. No. 28 at 19-20.) Section 1983 is indeed an improper avenue for Plaintiff to pursue his constitutional claims against Defendant Garland. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (finding "§ 1983 provides no cause of action against federal agents acting under color of federal law"). The complaint does not allege that Defendant Garland conspired with Defendant Bonta to deprive Plaintiff of his civil rights under the color of state law. *See id*. Instead, the complaint alleges that either or both Defendants have erroneously denied Plaintiff a lawful firearm transfer because of the status of his 1997 conviction under federal law. (Dkt. No. 1 ¶¶ 19-32, 50, 52-53, 58).

Because the complaint does not allege facts that would allow Plaintiff to pursue § 1983 claims against Defendant Garland, Plaintiff's constitutional claims are insufficiently pled. The Court dismisses Plaintiff's constitutional claims with leave to amend.

## CONCLUSION

For the reasons stated above, Defendant Garland's motion to dismiss is GRANTED IN PART and DENIED IN PART with leave to amend. The Court will discuss the deadline to amend the complaint at the upcoming case management conference on July 27, 2023. The administrative motion to seal is GRANTED.

This Order disposes of Docket Nos. 27 and 28.

**IT IS SO ORDERED.**

Dated: July 7, 2023

JACQUELINE SCOTT CORLEY
United States District Judge