UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD DANIEL BRINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRICK B. GARLAND, et al.,<br><br>    Defendants. | Case No. 22-cv-09076-JSC<br><br>**ORDER RE: DEFENDANT BONTA'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Plaintiff sues the Attorneys General of the United States and the State of California for denying him a lawful gun purchase. (Dkt. No. 1.)[1] Before the Court is California Attorney General Rob Bonta's motion to dismiss. (Dkt. No. 15.) Having carefully considered the briefing, and with the benefit of oral argument on April 19, 2023, the Court GRANTS the motion with leave to amend.

**DISCUSSION**

Plaintiff brings claims for erroneous denial of a firearm under 18 U.S.C. § 925A; violation of his Second Amendment rights; and violation of his equal protection rights under the Fourteenth Amendment. (Dkt. No. 1 ¶¶ 46–65.) He seeks declaratory and injunctive relief. Plaintiff sues U.S. Attorney General Merrick B. Garland in his official capacity, which includes the authority "to dedicate federal law enforcement resources, include[ing] those of the FBI and the [ATF] to enforce the policies and practices of the Attorney General and the [U.S. DOJ] as it relates to firearms, including required federal background checks on prospective firearm purchasers." (*Id.* ¶ 11.) He likewise sues California Attorney General Bonta in his official capacity:

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

> Defendant Bonta is charged by Article V, Section 13 of the California Constitution with the duty to see that the laws of California are uniformly and adequately enforced. Defendant Bonta also has direct supervision over every district attorney, sheriff, and all personnel managing the firearm background check system and correction of criminal records for the State of California in all matters pertaining to the duties of their respective assignments. In this regard, Defendant Bonta has direct supervisory authority over the Director of the Bureau of Firearms and Director of the Bureau of Criminal Information and Analysis and the Records Review and Challenge Section. Defendant Bonta also has the responsibility to enforce state laws that do not interfere with federal law and to not act in a manner that would interfere with federally protected rights by misuse of power entrusted to him under state law.

(*Id.* ¶ 12.) Defendant Bonta moves to dismiss all claims.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts plausibly establishing each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The level of factual specificity needed to satisfy this pleading requirement will vary depending on the context." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013). For example, plaintiffs asserting the shares they bought are directly traceable to a company's secondary offering must allege facts permitting that inference. *See id.*

> Plaintiffs . . . allege, without more, that they "purchased Century Aluminum common stock directly traceable to the Company's Secondary Offering." . . . Accepting the allegations as true, plaintiffs' shares could have come from the secondary offering, but the obvious alternative explanation is that they could instead have come from the pool of previously issued shares. Plaintiffs' allegations are consistent with their shares having come from either source. When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*. Here, plaintiffs' allegations remain stuck in neutral territory because they do not tend to exclude the possibility that their shares came from the pool of previously issued shares.

*Id.* at 1107–08 (cleaned up).

1    Plaintiff's complaint fails to state a claim against Defendant Bonta because it does not
2    allege facts permitting a reasonable inference the CA DOJ, in particular, "is liable for the
3    misconduct alleged." *Iqbal*, 556 U.S. at 678.  The complaint specifically alleges Plaintiff does not
4    know "whether he is being denied by the FBI, [CA] DOJ, or both." (Dkt. No. 1 ¶ 44; *see id.* ¶ 50.)
5    As to Defendant Bonta in particular, the complaint only alleges CA DOJ "is designated to conduct
6    firearm background checks for FFLs in California." (*Id.* ¶ 23.)  It does not allege facts permitting
7    a reasonable inference about the CA DOJ's authority after it receives background check
8    information from the federal NICS database.  Does the CA DOJ decide how to interpret and apply
9    the federal definition of misdemeanor crime of domestic violence?  And how do we know that is
10   plausible? *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent
11   with a defendant's liability, it stops short of the line between possibility and plausibility of
12   entitlement to relief." (cleaned up)).  Given Plaintiff's 2018 denial rests on an allegedly erroneous
13   interpretation of 18 U.S.C. § 922(g)(9), the "obvious alternative explanation" is the federal
14   government, not the CA DOJ, made the decision at issue. *Twombly*, 550 U.S. at 567.

15   Plaintiff's conclusory allegations that both Defendants are "responsible for" administering
16   firearm laws, "have erroneously denied Plaintiff" a sale, and "continue[] to deny" his rights, (Dkt.
17   No. 1 ¶¶ 14, 53, 58, 65), "do not tend to exclude the possibility" the federal government made the
18   decision at issue. *Century Aluminum*, 729 F.3d at 1108.  Nor do the allegations about Plaintiff's
19   2014 denial add "further factual specificity." *Id.*  At that time, Plaintiff "learned that [CA] DOJ
20   considered him prohibited due to his 1997 conviction." (Dkt. No. 1 ¶ 33.)  The FBI then "agreed
21   Plaintiff is 'not federally prohibited'" and the CA DOJ "agreed with [that] determination." (*Id.* ¶¶
22   35–36.)  These allegations do not permit a reasonable inference the CA DOJ is responsible for
23   interpreting and applying the federal definition of misdemeanor crime of domestic violence to
24   Plaintiff's purchases.

25                                                 * * *

26   Accordingly, the motion to dismiss is GRANTED and Plaintiff's claims against Defendant
27   Bonta are dismissed, with leave to amend. *See Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir.
28   2017).

**CONCLUSION**

For the reasons stated above, Defendant Bonta's motion to dismiss is GRANTED with leave to amend. The Court will discuss the deadline to amend the complaint at the case management conference on October 26, 2023.

This Order disposes of Docket No. 15.

**IT IS SO ORDERED.**

Dated: July 21, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge