ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6878
    Fax: (415) 436-7234
    michael.keough@usdoj.gov

*Attorneys for Defendant*
*Merrick B. Garland*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAD D. BRINSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MERRICK B. GARLAND, *et al.*, <br><br> Defendants. | Case No. 3:22-CV-09076-JSC <br><br> **FURTHER JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Local Rule 16-10(d), Plaintiff Brad D. Brinson and Defendants Rob Bonta and Merrick B. Garland ("Defendants," and together with Plaintiff, the "Parties") submit this further Joint Case Management Statement ahead of the March 5, 2024 Case Management Conference in the above-captioned matter. The Parties' prior Case Management Statement dated February 1, 2024 (Dkt. 48) remains accurate. In addition, the Parties provide the following positions in response to the Court's February 14, 2024 Order Re: Discovery and Standard of Review (Dkt. 50):

**Plaintiff's Position:** For a person to be prohibited from owning or possessing firearms under subdivision (g)(9) of section 922 of Title 18 of the United States Code, the person must have "been convicted in any court of a misdemeanor crime of domestic violence." As stated in section 921 of Title 18 of the United States Code, a "conviction" in this context is "determined in accordance with the law of

the jurisdiction in which the proceedings were held." Plaintiff contends this limits any factual inquiry here to the record in the underlying criminal court case. Plaintiff further contends *Hayes* supports his position, as "the Government must ***prove beyond a reasonable doubt*** that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way." *U.S. v. Hayes*, 555 U.S. 415, 426 (2009) (emphasis added).

Plaintiff contends at least one federal district court case, *Ross v. F.B.I.*, 903 F.Supp.2d 333 (D. Md. 2012), supports his position. In *Ross*, the federal government delayed an attempted firearm purchase due to a "potentially prohibitive" misdemeanor crime of domestic violence, despite the record being "totally silent about the nature of the assault, who the alleged victim of the assault was, and what her relationship was." *Id*. at 340. The court ultimately held that the federal government exceeded its authority and ordered the government to approve the firearm transfer under section 925A. Discovery was not ordered, and the federal government did not contend it was entitled to discovery before the court ruled on the government's motion to dismiss, which the court treated as a motion for summary judgment. *Id*. at 334, fn. 1. The court further noted that had Ross been convicted of a misdemeanor crime of domestic violence, the burden would fall on Ross to challenge the accuracy of the record through the administrative procedures outlined in section 29.10(c) of Title 28 of the Code of Federal Regulations, or by filing a civil action against the State or political subdivision responsible for providing the erroneous information. *Id*. at 341, fn. 14. But because the record did not reflect Ross was convicted of a misdemeanor crime of domestic violence (just as Plaintiff's record here does not) the court concluded such steps unnecessary and/or inappropriate.

Plaintiff further contends that the government is not permitted to supplement the administrative record by conducting discovery in a civil proceeding because no statutory or regulatory authority under the National Instant Criminal Background Check System exists. *See* 28 C.F.R. §§ 25.1-25.11. Plaintiff also contends that Defendant Garland is currently able to make any corrections, changes, or notations in this system without the need for discovery, as Plaintiff was previously determined to be eligible to own and possess firearms for several years after Defendant Garland conducted a thorough review of Plaintiff's record which has remained unchanged.

**Defendant Garland's Position:** The Court posed two questions in the February 14, 2024 Order (Dkt. 50): first, whether the parties are entitled to discovery in an action arising under 18 U.S.C. § 925A, and second, the standard of review the Court should apply when determining if Plaintiff was "prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922" *See* 18 U.S.C. § 925A.

Discovery: Discovery is necessary and appropriate to both probe Plaintiff's contention that the records underlying FBI's determination were inaccurate and to support Defendant Garland's anticipated affirmative defense that Plaintiff was not lawfully able to purchase a firearm under 18 U.S.C. § 922(g)(9). Discovery in Section 925A cases is not limited to the materials identified by the National Instant Criminal Background Check System ("NICS"). The statute places no such limitation on discovery in these cases, and courts in other Section 925A cases have both (1) allowed for discovery in the normal course, like in any civil action, and (2) allowed discovery to go beyond the bounds of the original administrative or criminal proceeding record. For example, in *United States v. Brush*, No. 2:22-cv-00032-DDN (E.D. Mo.), both the plaintiff and government defendant deposed a former prosecutor from the prior criminal proceeding as part of discovery to assist in determining whether Section 922(g)(9) applied. *See Brush*, No. 2:22-cv-00032-DDN, docket entry 40-1 (transcript of deposition of Hon. Gary Dial, dated Nov. 15, 2022).[1] Similarly, in *Escamilla v. United* States, No. 1:21-cv-00510-WCG (E.D. Wisc.), the government defendant was permitted to depose the plaintiff himself as part of broader discovery. *See Escamilla*, No. 21:CV-510-WCG, docket entry 39 (transcript of deposition of Stefen Escamilla, dated Sept. 16, 2021).[2] Other courts hearing Section 925A cases have set discovery schedules, including courts in the Ninth Circuit. *See* Order Setting Trial Date and Related Dates, *Kaszycki v. United States*, No 2:19-cv-01943-RSM, docket entry 14 (W.D. Wash. April 14, 2020).[3]

---

[1] The discovery scheduling order in *Brush* can be found at No. 2:22-cv-00032-DDN (E.D. Mo.), docket entry 23 (Sept. 29, 2022), with supplemental scheduling orders at docket entry 27 (Nov. 7, 2022) and docket entry 30 (Nov. 18, 2022). The order on summary judgment motions is available in the Westlaw database at *Brush v. United States*, No. 2:22-cv-00032-DDN, 2023 WL 371826 (E.D. Mo. Jan. 24, 2023).

[2] The discovery scheduling order in *Escamilla* can be found at No 1:22-cv-00510-WCG (W.D. Wis.), docket entry 33 (Sept. 24, 2021). The order on summary judgment motions us available in the Westlaw database at *Escamilla v. United States*, No. 1:21-cv-00510-WCG, 2022 WL 2657129 (E.D. Wis. July 8, 2022).

[3] Discovery in *Kaszycki* included a third-party subpoena to be issued by the government

Undersigned counsel for Defendant Garland, after several searches of the Westlaw database, was unable to find a decision determining that discovery was *not* available as a general matter in Section 925A cases.

  <u>Standard of Review</u>:  The Court should apply a preponderance burden to Plaintiff's claims and Defendant's affirmative defenses, as in all civil cases, because a Section 925A action is not appropriate for Administrative Procedure Act ("APA") review.  The applicable statute grants the FBI (or, in some cases, point-of-contact states) the authority to approve or deny firearms transfers.  The Brady Handgun Violence Prevention Act of 1993 ("Brady Act") required the Attorney General to establish the Nation Instant Criminal Background Check System (NICS) to process transfer requests for firearms.  The entity reviewing the transfer will consult NICS to determine if "the national instant criminal background check system [indicates] that the information available to the system does not demonstrate that the transfer of a firearm to or receipt of a firearm by such other person would violate [18 U.S.C.] subsection (d), (g), or (n)" or other applicable laws, before approving a transfer.  *See* 18 U.S.C. § 922(t)(4); *see also* 25 C.F.R. 25.2 ("Denied means denial of a firearm transfer based on a NICS response indicating one or more matching records were found providing information demonstrating that receipt of a firearm by a prospective transferee would violate 18 U.S.C. 922 or state law.").

  Rather than providing a specific standard by which a court can review the decision to approve or deny a transfer, the Brady Act allowed for aggrieved parties to "bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be."  *See* 18 U.S.C. § 925A.  While the Brady Act did not specify what standard of proof would apply to the plaintiff or the government in such a case, the default rule in civil cases like this one is a preponderance burden.  *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 253 (1989) (one of the "[c]onventional rules of civil litigation . . . is that parties . . . need only prove their case by a preponderance of the evidence."); *Conley*

---

defendant, *see* 2:19-cv-01943-RSM, docket entry 15 (W.D. Wash.), but the government's pending motion to dismiss was granted before meaningful discovery was conducted. *Kaszycki v. United States*, No. 2:19-cv-01943-RSM, 2020 WL 2838598 (W.D. Wash. June 1, 2020).

*v. United States*, 5 F.4th 781, 794–95 (7th Cir. 2021) (the "imposition of even severe civil sanctions . . . has been permitted after proof by a preponderance of the evidence."); *S.E.C. v. Truong*, 98 F. Supp. 2d 1086, 1096 (N.D. Cal. 2000) (preponderance burden applied in SEC civil enforcement case); 18 U.S.C. § 983(c) (in a civil forfeiture case, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture.").

Review under the APA would be inappropriate in this case as the statute establishing NICS lacks "judicially manageable standards . . . available for judging how and when an agency should exercise its discretion" to approve a transfer application, rendering it "impossible to evaluate agency action for abuse of discretion." *Int'l Brotherhood of Teamsters v. U.S. Dep't of Trans.*, 861 F.3d 944, 955 (9th Cir. 2017) (citing *Heckler v. Chaney*, 470 U.S. 821, 830–31 (1985). Instead of APA review, the remedy provided by Congress for incorrect records or denied transfers—legislating well after the APA was enacted—was for civil actions brought under Section 925A. *See Kaszycki v. United States*, No. 2:19-cv-01943-RSM, 2020 WL 2838598, at *4 (W.D. Wash. June 1, 2020) ("Finally, the Government argues that nothing in the applicable statutory or regulatory framework affords judicially manageable standards [] available for judging how and when ATF should exercise its discretion . . . . The Court agrees. Even if the Court were to evaluate ATF's actions under the APA, it would have no statutory benchmark against which to measure ATF's exercise of discretion."). The Court should determine as a matter of fact and/or law, after appropriate discovery, whether Plaintiff is barred from receiving a firearm under 18 U.S.C. § 922(g)(9).[4]

**Defendant Bonta's Position:** Defendant Bonta does not take a position on discovery at this time.

DATED:  February 28, 2024              Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

---

[4] The doctrine of collateral estoppel would also not prevent the Court from deciding this civil action using a preponderance standard. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362 (1984) ("Mulcahey's acquittal on charges brought under § 922(a)(1) therefore does not estop the government from proving in a civil proceeding that the firearms should be forfeited pursuant to § 924(d). It is clear that the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel.").

/s/ *Michael A. Keough*
MICHAEL A. KEOUGH
Assistant United States Attorney

*Attorneys for Defendant Merrick Garland*

/s/ *Jerry T. Yen**
JERRY T. YEN
Deputy Attorney General

*Attorney for Defendant Rob Bonta*

/s/ *Matthew D. Cubeiro**
MATTHEW D. CUBEIRO

*Attorney for Plaintiff*

\* *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*