ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6878
    Fax: (415) 436-7234
    michael.keough@usdoj.gov

*Attorneys for Defendant*
*Merrick B. Garland*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAD D. BRINSON, an individual, | Case No. 3:22-CV-09076-JSC |
| Plaintiff, | **OPPOSITION TO PLAINTIFF'S REQUEST TO PRECLUDE DISCOVERY AND MOTION FOR SUMMARY JUDGMENT (DKT. 59)** |
| v. | |
| MERRICK B. GARLAND, *et al.*, | |
| Defendants. | |

**TABLE OF CONTENTS**

RELIEF SOUGHT ................................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 1

I. STATEMENT OF ISSUES TO BE DECIDED ........................................................................ 1

II. INTRODUCTION ..................................................................................................................... 1

III. FACTUAL AND PROCEDURAL BACKGROUND ............................................................... 3

IV. LEGAL STANDARD FOR SUMMARY JUDGMENT ........................................................... 3

V. ARGUMENT ............................................................................................................................. 4

    A. Plaintiff's Request to Preclude Discovery Should Be Denied ........................................... 4

        1. Plaintiff's Argument that the Court's Inquiry is Limited to the 1997 State Court Record is Misplaced .................................................................... 4

        2. No Authority Precludes Discovery in Section 925A Cases .................................. 7

        3. The Appropriate Standard of Review is a Preponderance Burden ....................... 8

        4. Estoppel Does Not Prevent the Court From Determining if Plaintiff Was "Similarly Situated to a Spouse" .................................................................. 10

    B. Plaintiff's Motion for Summary Judgment Should Be Denied ........................................ 12

VI. CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................................. 4

*Brush v. United States*,
   No. 2:22-cv-00032-DDN, 2023 WL 371826 (E.D. Mo. Jan. 24, 2023) ..................................... 8

*Century Ins. Co. v. Schurtz*,
   92 Cal. App. 4th 1188 (2001) .................................................................................................. 11

*Conley v. United States*,
   5 F.4th 781 (7th Cir. 2021) ....................................................................................................... 9

*Davis v. United States*,
   854 F.3d 594 (9th Cir. 2017) .................................................................................................... 4

*Dunn v. Noe*,
   No. C-07-03559 JCS, 2009 WL 10696042 (N.D. Cal. Apr. 30, 2009) ................................... 12

*Escamilla v. United States*,
   No. 1:21-cv-00510-WCG, 2022 WL 2657129 (E.D. Wis. July 8, 2022) ................................. 8

*Fernandez-Ruiz v. Gonzales*,
   466 F.3d 1121 (9th Cir. 2006) ............................................................................................. 6, 7

*Heckler v. Chaney*,
   470 U.S. 821 (1985) ................................................................................................................ 10

*Idaho Power Co. v. Comm'r*,
   477 F.2d 688 (9th Cir. 1973) .................................................................................................. 13

*In re Harmon*,
   250 F.3d 1240 (9th Cir. 2001) ........................................................................................... 10, 11

*In re Nourbakhsh*,
   67 F.3d 798 (9th Cir. 1995) .................................................................................................... 10

*Int'l Brotherhood of Teamsters v. U.S. Dep't of,*
   *Trans.*, 861 F.3d 944 (9th Cir. 2017) ..................................................................................... 10

*Kaszycki v. United States*,
   No. 2:19-cv-01943-RSM, 2020 WL 2838598 (W.D. Wash. June 1, 2020) ....................... 8, 10

*McGowan v. City of San Diego*,
   208 Cal. App. 3d 890 (1989) .................................................................................................. 11

*Price Waterhouse v. Hopkins*,
   490 U.S. 228 (1989) ................................................................................................................ 9

*S.E.C. v. Truong*,
   98 F. Supp. 2d 1086 (N.D. Cal. 2000) .................................................................................... 9

*San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.*,
   545 U.S. 323 (2005) .............................................................................................................. 11

*Shepard v. United States*,
   544 U.S. 13 (2005) ............................................................................................................. 2, 3

*Stubbs, Overbeck & Associates, Inc. v. United States*,
   445 F.2d 1142 (5th Cir. 1971) .............................................................................................. 13

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) .................................................................................................. 4

*Teitelbaum Furs, Inc. v. Dominion Ins. Co.*,
   58 Cal. 2d 601 (1962) ........................................................................................................... 11

*United States v. Castleman*,
   572 U.S. 157 (2014) ................................................................................................................ 6

*United States v. Hayes*,
   377 F. Supp. 2d 540 (N.D.W. Va. 2005) ................................................................................ 6

*United States v. Hayes*,
   555 U.S. 415 (2009) ........................................................................................................ passim

*United States v. One (1) 1984 Mercedes Benz*,
   673 F. Supp. 387 (D. Haw. 1987) ......................................................................................... 11

*United States v. One Assortment of 89 Firearms*,
   465 U.S. 354 (1984) .............................................................................................................. 12

*United States v. Simms*,
   914 F.3d 229 (4th Cir. 2019) .................................................................................................. 4

*Woods v. City & Cnty. of Denver*,
   62 F. App'x 286 (10th Cir. 2003) ........................................................................................... 7

**Statutes**

18 U.S.C. § 921(a)(33) ................................................................................................................ 1

18 U.S.C. § 922(d) ..................................................................................................................... 9

18 U.S.C. § 922(g)(9) ......................................................................................................... passim

18 U.S.C. § 922(t)(4) .................................................................................................................. 9

18 U.S.C. § 925A ............................................................................................................... passim

18 U.S.C. § 983(c) ..................................................................................................................... 9

California Penal Code § 243(e) .......................................................................................... passim

**Rules**

Fed. R. Civ. P. 56(a) ............................................................................................................ 3, 12

**Regulations**

25 C.F.R. 25.2 ........................................................................................................................... 9

**Other Authorities**

1996 Cal. Legis. Serv. Ch. 1077 (A.B. 2898) (WEST) ............................................................... 5

Defendant Merrick Garland responds to Plaintiff's request to preclude discovery and motion for summary judgment (Dkt. 59, Plaintiff's Opening Brief re: Discovery and Standard of Review, hereinafter "Plaintiff's Brief").

**RELIEF SOUGHT**

Defendant seeks an order permitting discovery and directing the parties to prepare a case schedule with appropriate discovery deadlines. Defendant also seeks an order denying Plaintiff's motion for summary judgment as premature.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF ISSUES TO BE DECIDED**

1. Whether discovery in this civil action should be precluded where no statute or case law categorically bars discovery in an action brought under 18 U.S.C. § 925A; and

2. Whether Plaintiff's motion for summary judgment should be denied as premature because there is a dispute of material fact with regards to whether Plaintiff cohabitated with the victim of his 1997 domestic violence offense.

**II.   INTRODUCTION**

The critical question in this case is whether Plaintiff committed a qualifying "misdemeanor crime of domestic violence" (hereinafter "MCDV") such that he is barred from possessing a firearm under 18 U.S.C. § 922(g)(9). MCDV is defined for purposes of this statute at 18 U.S.C. § 921(a)(33). "This definition, all agree, imposes two requirements." *United States v. Hayes*, 555 U.S. 415, 421 (2009). First, the crime must be a misdemeanor under state law that "has, as an element, the use or attempted use of physical force." 18 U.S.C. § 921(a)(33). Second, the crime must be committed by someone in a specified relationship with the victim. *Id.* In *Hayes*, the Supreme Court held that while Section 922(g)(9) requires the government to show that a person "was related to the defendant in [a] specified way," that relationship "need not be denominated an element of the predicate offense." *Hayes*, 555 U.S. at 426. As Plaintiff concedes, "*Hayes* makes clear that a domestic relationship need not be a defining element of the state-court conviction, and Brinson does not challenge this." Plaintiff's Brief at 10.

Plaintiff's argument largely focuses on case law which addresses how courts and practitioners

can determine if the underlying misdemeanor conviction "ha[d], as an element, the use or attempted use of physical force." But this argument is misguided, as the first element is not in dispute. The parties' disagreement concerns the second element: whether the crime was committed by someone in a specified relationship with the victim (here, whether Plaintiff is "similarly situated to a spouse" because he and the victim, Ms. Lisa Wachholz, cohabitated before the offense). And the Supreme Court in *Hayes* made clear that, while the first element may depend on the text of the state statute or a limited set of "*Shepard*" documents (e.g., the record of the conviction documents such as charging documents, a plea transcript, and others.),[1] the second specified relationship element of an MCDV does not need to have been established as part of the prior conviction. *Hayes*, 555 U.S. at 426.

At bottom, Plaintiff has brought a civil action alleging that he has been denied the lawful transfer of a firearm. Defendant disputes this allegation, and the parties disagree over whether the nature of Plaintiff's relationship with the victim qualifies under the second element. There is already an appropriate vehicle to resolve this factual dispute: discovery. 18 U.S.C. § 925A places no limits on discovery in actions brought under this section, and several district courts have allowed for discovery in Section 925A cases. This statutory text and the previous district court cases (completely ignored in Plaintiff's Brief) are consistent with the holding in *Hayes* that the government may separately prove the existence of a relationship. Plaintiff cites no authority holding that discovery is categorically disallowed in Section 925A cases. The arguments presented in Plaintiff's Brief do not change the holding in *Hayes* or give the Court an avenue to ignore the Supreme Court's clear guidance on this issue.

Accordingly, the Court should deny Plaintiff's attempt to preclude discovery. The Court should also deny the premature motion for summary judgment, as material disputes of fact exist that should be resolved through discovery. To be sure, the primary fact underlying the second MCDV element is still in dispute: the true nature of the relationship with the victim of his 1997 conviction.

---

[1] See discussion, *infra*. A later court determining the character (the elements) of an underlying offense is, "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

## III. FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 21, 1997, Plaintiff was convicted of violating California Penal Code § 243(e). Compl. ¶ 31. Violations of Section 243(e) include battery "committed against a spouse, a person with whom the defendant is cohabiting, a person who is the parent of the defendant's child, former spouse, fiancé, or fiancée, or a person with whom the defendant currently has, or has previously had, a dating or engagement relationship." *See* Cal. Penal Code § 243(e). A formerly cohabitating person in a dating relationship is not an enumerated category of relationship under this statute.

Immediately prior to this offense, Defendant cohabitated with the victim and her daughters in a house in Felton, California. *See* Declaration of Lisa Wachholz, at ¶¶ 2-4. A sworn probable cause declaration found in the court record from the 1997 conviction reflects the same. *See* Dkt. 27-2 (certified court record provided by Plaintiff's prior counsel), at 27 (sworn probable cause declaration stating "Brinson and victim previously lived together as boyfriend & girlfriend"). A sheriff's report included with the court record also indicates that Plaintiff had formerly lived with the victim for one year, and had moved out of the home he shared with the victim only a few months prior to the incident that led to Plaintiff's conviction. *Id.* at 34.

According to Plaintiff's allegations in the Complaint, in 2014, he was prevented from purchasing a firearm. Compl. ¶ 33. Plaintiff retained counsel to contact the FBI, and he alleges counsel for the FBI indicated to Plaintiff's attorney his belief that the 1997 conviction did not prevent Plaintiff from purchasing a firearm. Compl. ¶ 35. While Plaintiff alleges he was briefly allowed to purchase firearms, in 2018 he alleges he was again denied. Compl. ¶ 40. Plaintiff is currently unable to purchase firearms and, according to the Complaint, has dispossessed himself of firearms he had previously acquired. Compl. ¶¶ 42-43. Plaintiff subsequently filed the present action pursuant to 18 U.S.C. § 925A.

## IV. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the

---

[2] The factual allegations below are taken from Plaintiff's Complaint (Dkt. 1) unless otherwise noted.

non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is "material" if it might affect the outcome of the case. *Id.* at 248. In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Davis v. United States*, 854 F.3d 594, 598 (9th Cir. 2017). "If direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. Put another way, if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

## V.     ARGUMENT

### A.     Plaintiff's Request to Preclude Discovery Should Be Denied

#### 1.     Plaintiff's Argument that the Court's Inquiry is Limited to the 1997 State Court Record is Misplaced

Plaintiff principally argues that discovery is not necessary for the Court to determine whether the "past state court conviction triggers a related federal restriction." Plaintiff's Brief at 6. This argument, focused on the first element of Section 921(a)(33)'s definition of MCDV, misses the mark. There is no real dispute that California Penal Code § 243(e) is a misdemeanor under state law for which an element of the offense is either the use physical force or the attempted use of physical force. Thus, the first element of MCDV is satisfied. The dispute is over the second element – whether Plaintiff and the victim were in a qualifying relationship as persons "similarly situated to a spouse." This qualifying relationship is an element separate from whether the state law offense is a qualifying offense, and the Supreme Court has made clear that the government may separately prove this qualifying relationship. *Hayes*, 555 U.S. at 426. While the Supreme Court in *Hayes* followed the "categorical approach" highlighted by Plaintiff (*see* Plaintiff's Brief at 6-11) for the first element in Section 921(a)(33)'s definition, the second element – the one at issue in this case – does not follow this approach. As the Fourth Circuit observed regarding the *Hayes* decision as to the second element: "Faced with these precise qualifiers, the Supreme Court concluded that Congress must have intended a conduct-specific approach for these statutes to have any force." *United States v. Simms*, 914 F.3d 229, 244 (4th Cir. 2019).

1    Plaintiff contends that the state court in 1997 established that Plaintiff and the victim were in a dating relationship.  *See* Plaintiff's Brief at 7.  There is no real dispute as to the fact that Plaintiff and the victim of his offense dated for a period of time.  But Plaintiff contends that this Court should, purely from the nature of that underlying offense, imply that the state court in 1997 also conclusively determined that Plaintiff's relationship with the victim had no other relevant factors (including cohabitation) and the Plaintiff thus would not be a person "similarly situated to a spouse."  The state court in 1997 did no such thing, because, as charged, California Penal Code § 243(e) did not require it to.  The criminal complaint to which Plaintiff pleaded nolo contendere charged him with being in a "dating relationship" with the victim, and thus there was no occasion for the state court in 1997 to make any findings of fact with regards to whether cohabitation was also part of this relationship.[3]  Both Plaintiff and the victim were reported to have given statements to police that had been boyfriend and girlfriend – it would make sense for the prosecutor to focus on the dating relationship based on these statements.  And the Supreme Court in *Hayes* specifically rejected an approach that would require the state statute to specify the nature of the underlying relationship to the exclusion of all others.  *See Hayes*, 555 U.S. at 426 ("Construing § 922(g)(9) to exclude the domestic abuser convicted under a generic use-of-force statute (one that does not designate a domestic relationship as an element of the offense) would frustrate Congress' manifest purpose" and noting that, if courts could not look beyond the underlying statute to determine the nature of the relationship, "§ 922(g)(9) would have been a dead letter in some two-thirds of the States from the very moment of its enactment.").  If Plaintiff's reading were indeed the law, the *Hayes* Court would have found that both elements found in the definition of MCDV would have to be established in the underlying conviction.

    In fact, the dissent in *Hayes* took this very position – arguing that "[u]nder the interpretation adopted by the court below, it is easy to determine whether an individual is covered by the gun ban: Simply look to the record of the prior conviction.  Under the majority's approach, on the other hand, it will often be necessary to go beyond the fact of conviction and engage in an elaborate factfinding

---

[3] As to "cohabitation," when Plaintiff committed his crime, only *current* cohabitants or non-cohabiting former spouses, fiancés, or fiancées were covered under the Section 243(e)(1). *See*, CRIMES—VICTIMS—RESTITUTION, 1996 Cal. Legis. Serv. Ch. 1077 (A.B. 2898) (WEST). Formerly cohabitating dating relationships were not described by Section 243(e).

process regarding the defendant's prior offense to determine whether it happened to involve domestic violence." *Id.* at 435–36 (quotation and citation omitted) (Roberts, C.J., dissenting). The dissent's recommendation, of course, was not the majority rule in *Hayes* – where the majority specifically cited a statement from the sponsor of the bill indicating that the qualifying relationship was not intended to be determined from the fact of the conviction alone:

> "[C]onvictions for domestic violence-related crimes often are for crimes, such as assault, that are not explicitly identified as related to domestic violence. Therefore, it will not always be possible for law enforcement authorities to determine from the face of someone's criminal record whether a particular misdemeanor conviction involves domestic violence, as defined in the new law."

*Id.* at 428–29 (quoting statement of Senator Frank Lautenberg).

In response, Plaintiff asks the Court to adopt a contrary argument and set aside the majority ruling in *Hayes*. Plaintiff's reading of Section 921(a)(33) would lead to the absurd result of future litigants and defendants claiming that applying Section 922(g)(9) against them is foreclosed because the language of the generic battery statute for which they were previously convicted did not specify any relationships. *See United States v. Castleman*, 572 U.S. 157, 162–63 (2014).[4] Per Plaintiff, as a matter of fact and law, such persons' prior offenses could not have involved any domestic relationship(s) described under Section 921(a)(33) and therefore could not be considered MCDVs. Such a position has been addressed and rejected by *Hayes* and *Castleman*.[5]

*Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (cited Plaintiff's Brief at 9) is also consistent with Defendant's argument. In that case, the Ninth Circuit considered whether an Arizona

---

[4] In *Castleman*, the Supreme Court held that any misdemeanor conviction, even for an offense such as common law battery, that involved, as an element, a sufficient use or attempted use of physical force (or threatened use of a deadly weapon) was sufficient to invoke Section 922(g)(9). *Castleman*, 572 U.S. at 162–63 ("Seeing no 'other indication' here, we hold that Congress incorporated the common-law meaning of 'force'—namely, offensive touching—in § 921(a)(33)(A)'s definition of a 'misdemeanor crime of domestic violence.'").

[5] Plaintiff's reliance on the decisions below in *Hayes* is also misplaced. *See* Plaintiff's Brief at 7–8. The district court in *Hayes* relied on an earlier Fourth Circuit decision to determine that Section 921(a)(33)'s definition of MCDV only requires that the predicate offense have "one element – the use or attempted use of physical force; the relationship between the perpetrator and victim need not appear in the formal definition of the predicate offense." *United States v. Hayes*, 377 F. Supp. 2d 540, 541–42 (N.D.W. Va. 2005), *rev'd and remanded*, 482 F.3d 749 (4th Cir. 2007), *rev'd and remanded*, 555 U.S. 415 (2009), *and aff'd*, 337 F. App'x 285 (4th Cir. 2009). The decision on appeal, of course, was reversed and remanded by the Supreme Court.

1  domestic violence statute qualified as a "crime of domestic violence" under the Immigration &
2  Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i). That definition similarly included two elements: (1) a
3  "crime of violence (as defined in section 16 of Title 18" and (2) "against a person who has one of
4  several enumerated domestic relationships with the perpetrator." *Fernandez-Ruiz*, 466 F.3d at 1124–25.
5  The Ninth Circuit in *Fernandez-Ruiz* then analyzed the first element and considered whether the
6  categorical approach should be used to assess if the Arizona state statute was a qualifying "crime of
7  violence." The Ninth Circuit did not consider the second element.
8      At bottom, Plaintiff asks the Court to ignore Supreme Court precedent and bind itself to a
9  "finding" that was never actually made by the state court in 1997. The Court should decline the
10 invitation.

**2.     No Authority Precludes Discovery in Section 925A Cases**

12      Consistent with the Supreme Court's holding in *Hayes*, discovery is necessary and appropriate in
13  this action to both probe Plaintiff's contention that the records underlying FBI's determination were
14  inaccurate and to support Defendant's anticipated affirmative defense that Plaintiff was not lawfully able
15  to purchase a firearm under 18 U.S.C. § 922(g)(9) because he committed a MCDV as someone
16  "similarly situated to a spouse."[6] Discovery in Section 925A cases is not limited to the prior record of
17  conviction or the precise information that the FBI relied upon to make its decision. The statute places
18  no such limitation on discovery in these cases, and courts in other Section 925A cases have both (1)
19  allowed for discovery in the normal course, like in any civil action, and (2) allowed discovery to go
20  beyond the bounds of the original administrative or criminal proceeding record. For example, in *United*
21  *States v. Brush*, No. 2:22-cv-00032-DDN (E.D. Mo.), both the plaintiff and government defendant
22  deposed a former prosecutor from the prior criminal proceeding as part of discovery to assist in

---

[6] Plaintiff notes that the relevant definition of MCDV was amended in 2022 to specifically include dating relationships. *See* Plaintiff's Brief at 3–4. This is not relevant to the present analysis because Defendant contends that Plaintiff was unable to purchase a firearm in 2018 because he was "similarly situated to a spouse" as a cohabitant, not because of Plaintiff's dating relationship with the victim. The federal government has long taken the position that former cohabitants are people "similarly situated to a spouse" under this statute. *See, e.g., Woods v. City & Cnty. of Denver*, 62 F. App'x 286, 287–88 (10th Cir. 2003) (citing 1998 ATF advisory opinion interpreting "similarly situated to a spouse" to apply to "anyone who was domiciled in an intimate relationship with the victim of the offense either at the time of, or at any time prior to the offense.").

OPPOSITION TO REQUEST TO PRECLUDE DISCOVERY AND MOTION FOR SUMMARY JUDGMENT
NO. 3:22-CV-09076-JSC                               7

determining whether Section 922(g)(9) applied.  *See Brush*, No. 2:22-cv-00032-DDN, docket entry 40-1 (transcript of deposition of Hon. Gary Dial, dated Nov. 15, 2022).[7]  Similarly, in *Escamilla v. United States*, No. 1:21-cv-00510-WCG (E.D. Wisc.), the government defendant was permitted to depose the plaintiff himself as part of broader discovery.  *See Escamilla*, No. 21:CV-510-WCG, docket entry 39 (transcript of deposition of Stefen Escamilla, dated Sept. 16, 2021).[8]  Other courts hearing Section 925A cases have set discovery schedules, including courts in the Ninth Circuit.  *See* Order Setting Trial Date and Related Dates, *Kaszycki v. United States*, No 2:19-cv-01943-RSM, docket entry 14 (W.D. Wash. April 14, 2020).[9]  Undersigned counsel for Defendant, after several searches of the Westlaw database, was unable to find a decision determining that discovery was *not* available as a general matter in Section 925A cases.  Even in Plaintiff could factually distinguish these cases and argue that discovery was inappropriate for a specified reason, this does not create a judicially workable standard to apply to future cases.  Absent authority indicating that discovery is not available in Section 925A cases, Plaintiff cannot simply brush away the previous district courts that have permitted discovery because he would prefer to avoid discovery in his own case.

### 3.     The Appropriate Standard of Review is a Preponderance Burden

After the aforementioned discovery is completed, the Court should apply a preponderance burden to Plaintiff's claims and Defendant's affirmative defenses, as in all civil cases.

The applicable statute here grants the FBI (or, in some cases, point-of-contact states) the authority to approve or deny firearms transfers.  The Brady Handgun Violence Prevention Act of 1993 ("Brady Act") required the Attorney General to establish the Nation Instant Criminal Background Check

---

[7] The discovery scheduling order in *Brush* can be found at No. 2:22-cv-00032-DDN (E.D. Mo.), docket entry 23 (Sept. 29, 2022), with supplemental scheduling orders at docket entry 27 (Nov. 7, 2022) and docket entry 30 (Nov. 18, 2022).  The order on summary judgment motions is available in the Westlaw database at *Brush v. United States*, No. 2:22-cv-00032-DDN, 2023 WL 371826 (E.D. Mo. Jan. 24, 2023).

[8] The discovery scheduling order in *Escamilla* can be found at No 1:22-cv-00510-WCG (W.D. Wis.), docket entry 33 (Sept. 24, 2021).  The order on summary judgment motions us available in the Westlaw database at *Escamilla v. United States*, No. 1:21-cv-00510-WCG, 2022 WL 2657129 (E.D. Wis. July 8, 2022).

[9] Discovery in *Kaszycki* included a third-party subpoena to be issued by the government defendant, *see* 2:19-cv-01943-RSM, docket entry 15 (W.D. Wash.), but the government's pending motion to dismiss was granted before meaningful discovery was conducted.  *Kaszycki v. United States*, No. 2:19-cv-01943-RSM, 2020 WL 2838598 (W.D. Wash. June 1, 2020).

System (NICS) to process transfer requests for firearms. The entity reviewing the transfer will consult NICS to determine if "the national instant criminal background check system [indicates] that the information available to the system does not demonstrate that the transfer of a firearm to or receipt of a firearm by such other person would violate [18 U.S.C.] subsection (d), (g), or (n)" or other applicable laws, before approving a transfer. *See* 18 U.S.C. § 922(t)(4);[10] *see also* 25 C.F.R. 25.2 ("Denied means denial of a firearm transfer based on a NICS response indicating one or more matching records were found providing information demonstrating that receipt of a firearm by a prospective transferee would violate 18 U.S.C. 922 or state law.").

Rather than providing a specific standard by which a court can review the decision to approve or deny a transfer, the Brady Act allowed for aggrieved parties to "bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be." *See* 18 U.S.C. § 925A. While the Brady Act did not specify what standard of proof would apply to the plaintiff or the government in such a case, the default rule in civil cases like this one is a preponderance burden. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 253 (1989) (one of the "[c]onventional rules of civil litigation . . . is that parties . . . need only prove their case by a preponderance of the evidence."); *Conley v. United States*, 5 F.4th 781, 794–95 (7th Cir. 2021) (the "imposition of even severe civil sanctions . . . has been permitted after proof by a preponderance of the evidence."); *S.E.C. v. Truong*, 98 F. Supp. 2d 1086, 1096 (N.D. Cal. 2000) (preponderance burden applied in SEC civil enforcement case); 18 U.S.C. § 983(c) (in a civil forfeiture case, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture.").

Review under the APA would be inappropriate in this case as the statute establishing NICS lacks

---

[10] In 2018, the text of Section 922(t)(4) read as follows: "If the national instant criminal background check system notifies the licensee that the information available to the system does not demonstrate that the receipt of a firearm by such other person would violate subsection (g) or (n) or State law, and the licensee transfers a firearm to such other person, the licensee shall include in the record of the transfer the unique identification number provided by the system with respect to the transfer." 18 U.S.C.A. § 922(t)(4) (West) (version effective Dec. 4, 2015 to June 24, 2022). The additional reference to 18 U.S.C. § 922(d) in the current version of the statute does not change the analysis here.

"judicially manageable standards . . . available for judging how and when an agency should exercise its discretion" to approve a transfer application, rendering it "impossible to evaluate agency action for abuse of discretion." *Int'l Brotherhood of Teamsters v. U.S. Dep't of Trans.*, 861 F.3d 944, 955 (9th Cir. 2017) (citing *Heckler v. Chaney*, 470 U.S. 821, 830–31 (1985). Instead of APA review, the remedy provided by Congress for incorrect records or denied transfers—legislating well after the APA was enacted—was for civil actions brought under Section 925A. *See Kaszycki v. United States*, No. 2:19-cv-01943-RSM, 2020 WL 2838598, at *4 (W.D. Wash. June 1, 2020) ("Finally, the Government argues that nothing in the applicable statutory or regulatory framework affords judicially manageable standards [] available for judging how and when ATF should exercise its discretion . . . . The Court agrees. Even if the Court were to evaluate ATF's actions under the APA, it would have no statutory benchmark against which to measure ATF's exercise of discretion."). The Court should determine as a matter of fact and/or law, after appropriate discovery, whether Plaintiff is barred from receiving a firearm under 18 U.S.C. § 922(g)(9).

### 4. Estoppel Does Not Prevent the Court From Determining if Plaintiff Was "Similarly Situated to a Spouse"

Plaintiff's argument regarding collateral estoppel similarly misses the mark. "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" *In re Nourbakhsh*, 67 F.3d 798, 800 (9th Cir. 1995) (citing 28 U.S.C. § 1738).

"In California, 'collateral estoppel precludes relitigation of issues argued and decided in prior proceedings.'" *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citation omitted). Under California law, collateral estoppel has five requirements:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

OPPOSITION TO REQUEST TO PRECLUDE DISCOVERY AND MOTION FOR SUMMARY JUDGMENT
NO. 3:22-CV-09076-JSC                                        10

*Id.* (citation omitted). "'The party asserting collateral estoppel bears the burden of establishing these requirements.'" *Id.* (citation omitted).

Here, the 1997 conviction could only preclude further proceedings on an issue of fact that was actually decided. The key question when applying estoppel to a state court judgment is "whether the state court actually decided an issue of fact or law that was necessary to its judgment." *San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.*, 545 U.S. 323, 342 (2005). As noted above, the state court in 1997 was not asked to decide, and did not decide, whether Plaintiff and the victim cohabitated because this specific fact was not a required element of the statute. Because the state court did not decide this issue, collateral estoppel does not apply here. *Id.* Moreover, even if the cohabitation issue had been decided in the underlying criminal case – and it was not – collateral estoppel would still not apply, given that Plaintiff's conviction was the result of a *nolo contendere* plea. *20th Century Ins. Co. v. Schurtz*, 92 Cal. App. 4th 1188, 1196 (2001) (collateral estoppel does not bar relitigation of an issue determined by a plea of nolo contendere).

Further, if Plaintiff's position were correct, the decision in *Hayes* would have confirmed that the parties assessing the application of Section 922(g)(9) would be limited what questions were necessary to that prior proceeding (essentially obviating the second element of the MCDV analysis). That, of course, was not the holding in *Hayes*. Plaintiff's position cannot be reconciled with *Hayes*' clear instruction that the specified relationship does not need to be an element of the predicate offense. *Hayes*, 555 U.S. at 426.[11] Moreover, the United States was not a party to, nor in privity with a party to, the underlying criminal proceeding. *See United States v. One (1) 1984 Mercedes Benz*, 673 F. Supp. 387, 391 (D. Haw. 1987) (United States was not collaterally estopped with respect to an underlying state court criminal

---

[11] Plaintiff's authority is not to the contrary. In *Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58 Cal. 2d 601, 604 (1962) (cited Plaintiff's Brief at 11), the California Supreme Court considered whether a plaintiff could bring a civil action to recover the same loss involved in a prior criminal proceeding. *Id.* at 603. That court held that, because a factual issue of who committed the robbery had been specifically resolved by the criminal jury's verdict, the issue could not be re-litigated in a civil proceeding. *Id. Teitelbaum* is in stark contrast to the present proceeding, where the question of whether Plaintiff and the victim cohabitated was never before the state court in 1997. Similarly, in *McGowan v. City of San Diego*, 208 Cal. App. 3d 890, 895 (1989) (cited Plaintiff's Brief at 11), the Fourth District Court of Appeal observed that, for collateral estoppel to apply, the factual question at issue must have been "necessarily decided" in the prior proceeding. As discussed, the cohabitation issue was not decided in Plaintiff's underlying criminal case.

prosecution that the United States was not a party to). Thus, Plaintiff has not satisfied the required elements, and collateral estoppel does not apply here.[12]

The doctrine of collateral estoppel would also not prevent the Court from deciding this civil action using a preponderance standard. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362 (1984) ("Mulcahey's acquittal on charges brought under § 922(a)(1) therefore does not estop the government from proving in a civil proceeding that the firearms should be forfeited pursuant to § 924(d). It is clear that the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel.").

**B.    Plaintiff's Motion for Summary Judgment Should Be Denied**

Despite the Court's order only requesting briefing on the issues of discovery and the standard of review, Plaintiff has also moved for summary judgment based on the 1997 state court record. This motion should be denied, because all of the evidence presently available to the Court (*i.e.*, the testimony of the victim of the 1997 offense, and the sworn probable cause declaration from 1997) indicates that Plaintiff and the victim lived together. To the extent Plaintiff contests the facts reflected in this evidence, the vehicle to resolve that dispute is through discovery – not this premature motion.

As the Court previously held, the state court record was not appropriate for incorporation or judicial notice at the motion to dismiss stage because the facts contained therein were in dispute. *See* Dkt. 36 at 7 ("incorporation is not appropriate because the previous cohabitation mentioned in the Santa Cruz County documents only serves to dispute Plaintiff's factual allegations regarding his eligibility to possess firearms . . . The Court also declines to judicially notice the documents because their contents are subject to reasonable dispute."). That has not changed; the question of whether Plaintiff cohabitated with the victim of his 1997 offense remains contested. Far from showing "that there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), the evidence available to the Court (taken in the

---

[12] Plaintiff also attempts to invoke res judicata, but this attempt fails for similar reasons. "Under California law, res judicata applies if: (1) the issues decided in the prior adjudication were identical to the issues raised in the present action; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior action." *Dunn v. Noe*, No. C-07-03559 JCS, 2009 WL 10696042, at *2 (N.D. Cal. Apr. 30, 2009), *aff'd*, No. 09-16136, 2011 WL 176941 (9th Cir. Jan. 19, 2011) (citation omitted). For the reasons discussed above, Plaintiff has not established the required elements, and res judicata does not apply here.

OPPOSITION TO REQUEST TO PRECLUDE DISCOVERY AND MOTION FOR SUMMARY JUDGMENT
NO. 3:22-CV-09076-JSC                              12

light most favorable to Defendant) indicates that the dispute over cohabitation is very much real. The accompanying sworn declaration of Lisa Wachholz states that Plaintiff lived with the victim and her two children in a house in Felton, California for one year prior to the 1997 incident. *See* Declaration of Lisa Wachholz, at ¶¶ 2-4. This testimony is corroborated by the sworn probable cause declaration found in the court record from the 1997 conviction, which indicates that Plaintiff and the victim had formerly lived together as boyfriend and girlfriend. *See* Dkt. 27-2 at 27. At a minimum, discovery is necessary to resolve the factual dispute surrounding Plaintiff's cohabitation with the victim of the 1997 offense and whether this makes him someone "similarly situated to a spouse" such that Section 922(g)(9)'s bar applies.[13]

## VI.  CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request to preclude discovery. The Court should also deny Plaintiff's motion for summary judgment.

DATED:       April 25, 2024

                                                       Respectfully submitted,

                                                       ISMAIL J. RAMSEY
                                                       United States Attorney

                                                       */s/ Michael A. Keough*
                                                       MICHAEL A. KEOUGH
                                                       Assistant United States Attorney

                                                       *Attorneys for Defendants*

---

[13] Plaintiff's Brief also cites in favor of his summary judgment motion "determinations" made by "United States Attorney Finch" and "United States Attorney Drew Crislip" (referring to FBI counsel). *See* Plaintiff's Brief at 12. But Plaintiff fails to cite any authority indicating that the referenced emails offering Mr. Finch's opinion are binding on a federal agency. The "opinion of an [agency] lawyer" that "conflicts with [applicable] statutes is, therefore, without any force." *Idaho Power Co. v. Comm'r*, 477 F.2d 688, 696 (9th Cir. 1973), *rev'd on other grounds*, 418 U.S. 1 (1974); *see also Stubbs, Overbeck & Associates, Inc. v. United States*, 445 F.2d 1142, 1146-1147 (5th Cir. 1971) (a non-binding ruling was "merely the opinion of a lawyer in the agency and must be accepted as such,", and "not binding on the . . . courts."). Section 922(g)(9) contains no language indicating that an agency attorney's incorrect analysis renders the statute inapplicable. Instead, Section 922(g)(9) makes clear that "it shall be unlawful for any person" who falls into one of the enumerated categories "to receive any firearm"; this mandatory language either applies to Plaintiff or does not.