C.D. Michel – SBN 144258
Mathew D. Cubeiro – SBN 291519
Alexander A. Frank – SBN 311718
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: mcubeiro@michellawyers.com

Attorneys for Plaintiff Brad D. Brinson

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD D. BRINSON, an individual;<br><br>Plaintiff,<br><br>v.<br><br>MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10<br><br>Defendants. | Case No.: 22-cv-09076-JCS<br><br>**PLAINTIFF'S REPLY BRIEF RE: DISCOVERY AND STANDARD OF REVIEW**<br><br>Hearing Date: May 16, 2024<br>Hearing Time: 10:00 a.m.<br>Courtroom:  8<br>Judge:  Hon. Jacqueline Scott Corley<br><br>Action Filed: December 22, 2022 |

1

## INTRODUCTION

2        The issue of Plaintiff Brinson's relationship in the predicate offense has already been expressly

3   decided. Existing Supreme Court and Ninth Circuit precedents, which Defendant Garland ignores in his

4   opposition, provide no right to conduct unnecessary and costly discovery. Garland's arguments against

5   the application of res judicata and collateral estoppel also lack merit, and there is no genuine dispute that

6   at the time of Brinson's attempted firearm purchase in 2018, Garland lacked any justification for the

7   denial.

8        For the reasons below and those raised in Brinson's opening brief, Brinson moves for summary

9   judgment under 18 U.S.C. § 925A.

10

11   **I.      GARLAND'S OPPOSITION IGNORES EXISTING SUPREME COURT AND NINTH CIRCUIT PRECEDENT AND MISCHARACTERIZES THE EFFECT OF *HAYES***

12        Nothing in Garland's opposition contests the Supreme Court and Ninth Circuit precedents (cited

13   in Brinson's moving papers) that limit courts to a categorical or modified categorical approach when

14   deciding whether a past state court conviction triggers a related federal restriction. Pl.'s Br. 6-11

15   (discussing *Descamps v. United States*, 570 U.S. 254 (2013); *Taylor v. United States*, 495 U.S. 575

16   (1990); *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121

17   (9th Cir. 2006); *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075 (9th Cir. 2003); *United States v.*

18   *Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002)). None of these holdings are inconsistent with or

19   contradict the ruling in *Hayes*. And Garland does not even attempt to distinguish these cases or

20   otherwise show that they are inapplicable here.

21        Instead, Garland curiously claims that Brinson (1) tries to distinguish *Hayes* and (2) argues that a

22   generic battery statute can never trigger a 922(g)(9) prohibition. Opp'n 6. Both claims are false. *See* Pl.'s

23   Br. 1 ("Under existing Supreme Court and Ninth Circuit precedents, *including the Supreme Court's*

24   *decision in Hayes*, Garland has no right to leave to conduct unnecessary and costly discovery in an

25   action under 18 U.S.C. § 925A") (emphasis added). On the contrary, Brinson *acknowledges* that *Hayes*

26   held that a domestic relationship "need not be a defining element of the predicate [state law] offense."

27   *Id.* at 6 (citing *United States v. Hayes*, 555 U.S. 415, 418 (2009) ("*Hayes* makes clear that a domestic

28   relationship need not be a defining element of the state-court conviction, and Brinson does not challenge

PLAINTIFF'S REPLY BRIEF RE: DISCOVERY AND STANDARD OF REVIEW

Case No.: 22-cv-09076-JCS

1   this."). What Brinson *does* contest is whether *Hayes* supports Garland's insistence that this Court may

2   consult practically *any* extrinsic evidence about the nature of the underlying relationship. That question

3   was not before the Supreme Court in *Hayes*, and it was never addressed in the Court's opinion. The

4   issue was, however, properly resolved by the *district court* in *Hayes*, which expressly recognized that a

5   court must "limit itself to examining the *statute of conviction, charging document, plea agreement, plea*

6   *transcript and any explicit factual finding by the trial judge* to which the defendant assented." *United*

7   *States v. Hayes*, 377 F.Supp.25 540, 541 (N.D. W.Va. 2005) (citing *Shepard*, 544 U.S. at 16) (emphasis

8   added).

9          Garland would lead this Court to believe that, under *Hayes*, it may consider *any* extrinsic

10  evidence about the underlying domestic relationship. But his position ignores Supreme Court and Ninth

11  Circuit authorities that clearly limit the types of documents a court may consider when deciding whether

12  a state-court conviction triggers a related federal restriction or statute. *See, e.g.*, *Descamps*, 570 U.S. at

13  260-62; *Taylor*, 495 U.S. at 600; *Shepard*, 544 U.S. at 16; *Fernandez-Ruiz*, 466 F.3d at 1132;

14  *Hernandez-Martinez*, 343 F.3d at 1076; *Corona-Sanchez*, 291 F.3d at 1211. *See also United States v.*

15  *Nobriga*, 408 F.3d 1178, 1183 (9th Cir. 2005) (holding that the district court plainly erred when it relied

16  on a police report and a plea colloquy to determine that a misdemeanor crime of domestic violence had

17  been committed) (discussed with approval by the district court in *Hayes*, 377 F. Supp. 2d a 542). It

18  certainly may not rely on evidence that contradicts the judicially established findings of fact made by the

19  state criminal court. This Court is bound by these precedents, making Garland's request for discovery

20  irrelevant and wholly unnecessary.

21  **II.   GARLAND'S CLAIM THAT SECTION 925A DOES NOT PROHIBIT DISCOVERY IS MISLEADING**

22          Setting aside the above, Garland's cited cases in support of his argument that Section 925A does

23  not preclude discovery are unpersuasive. Brinson does not contest that discovery may be appropriate in

24  certain Section 925A actions. Unlike this case, such cases may require a factual determination on the

25  potential prohibiting event. Whether Brinson was previously convicted of a misdemeanor crime of

26  domestic violence, however, is a question of law—not a question of fact. As argued above and in

27  Brinson's opening brief, the Supreme Court has made clear that to answer that question, a court may

28  only look to a limited set of documents. *See, e.g.*, *Descamps*, 570 U.S. at 261 (holding that courts may

only look to a narrow category of extrinsic evidence).

First, the cases cited by Garland are district court orders with no binding effect, and they do not contradict the holdings in *Descamps*, *Taylor*, *Fernandez-Ruiz*, or *Corona-Sanchez*. For instance, Garland first cites *Brush v. United States*, No. 2:22-cv-00032-DDN, 2023 WL 371826 (E.D. Mo. Jan. 24, 2023), which did not concern whether the plaintiff's earlier criminal conviction met the definition of a misdemeanor crime of domestic violence under section 921(a)(33)(A). *Id.* at 1. Instead, the dispute was whether the plaintiff was represented by counsel or knowingly and intelligently waived the right to counsel and was tried by a jury or knowingly and intelligently waived the right to a jury trial. Tellingly, the United States Attorney's Office objected to the admission of the evidence offered by the plaintiff in *Brush* as "self-serving affidavits," illustrating the hypocrisy of Garland's arguments here. Defendants' Responses to Plaintiff's Statements of Fact in Support of Motion for Summary Judgment at 3, *Brush*, No., 2023 WL 371826 (E.D. Mo. Dec. 14, 2022), ECF No. 42.

The remaining two cases, *Escamilla* and *Kaszycki*, do not even concern a predicate criminal offense. Opp'n 4. Instead, both cases ask whether the plaintiff was committed to a mental institution, thereby triggering a federal prohibition under section 922(g)(4). Discovery may no doubt be appropriate in such cases *because there is no underlying criminal court record to consult in any form*.

What's more, Garland's district court case citations are unclear as to whether the discovery orders are simply standing orders issued by the court as part of routine courtroom procedure. Nor is there any indication in the later-filed pleadings that either party objected to those orders like Brinson does here. In any event, none of the authority offered by Garland contradicts or distinguishes established Supreme Court and Ninth Circuit precedent that is binding on this Court.

### III. GARLAND'S OPPOSITION TO BRINSON'S RES JUDICATA AND COLLATERAL ESTOPPEL ARGUMENTS LACKS MERIT

Garland's argument that Brinson's collateral estoppel and res judicata claims are inapplicable offers no substantive arguments and otherwise mischaracterizes the opinions he relies on.

First, Garland argues that *20th Century Ins. Co. v. Schurtz*, 92 Cal. App. 4th 1188, 1196 (2001), precludes Brinson's collateral estoppel claim because Brinson's conviction resulted from a nolo contendere plea. Opp'n 11. But *20th Century* cites *Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58 Cal.

2d 601 (1962), as the basis for its authority. In *Teitelbaum*, the California Supreme Court held that, in a civil action following a criminal conviction, a defendant is not precluded from arguing an issue in the civil case after entering a nolo contendere plea in his criminal case. *Id*. That is distinguishable from this case, where the federal government seeks to relitigate a state-court judgment to avoid liability. As the *Teitelbaum* court explained, the plaintiff "was afforded a full opportunity to litigate the issue of his guilt with all the safeguard afforded the criminal defendant . . .. Under these circumstances, we hold that any issue necessarily decided in a prior criminal proceeding *is conclusively determined* as to the parties if it is involved in a subsequent civil action." *Id*. at 606-07. The issue of Brinson's relationship, therefore, was indeed conclusively determined.

Second, citing *United States. v. One (1) 1984 Mercedes Benz*, 673 F.Supp.387 (D. Haw. 1987), Garland argues that his interests were not adequately represented in Brinson's 1997 criminal case, thereby barring the application of estoppel. Opp'n 11. Setting aside that the citation offered is an opinion that has no binding effect on this Court, Garland does not even attempt to explain *how* his interests were inadequately represented in the state-court action. He does not suggest that the state failed to competently prosecute Brinson or that there were any other irregularities present. And because section 921(a)(33)(A)(ii) relies on the state-court prosecution of state-law crimes as its entire basis for the federal firearm prohibition, Congress has necessarily determined that the federal government's interests are indeed adequately represented by that very process. The Attorney General may wish that every state court misdemeanor battery prosecution allege one of the relationship types listed in section 921(a)(33)(A)(ii), but the failure to do so does not prove that his interests were inadequately represented. What's more, the only interests Garland can really argue for are upholding the rule of law, keeping our country safe, and protecting civil rights, as stated on his website. U.S. Department of Justice, *Our Work*, https://www.justice.gov/our-work (last visited May 1, 2024). Garland cannot make any legitimate or coherent argument that such interests were not served in Brinson's 1997 criminal case.

Next, Garland's reliance on *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362 (1984) is also misplaced. Opp'n 12. First, the application of res judicata and collateral estoppel doctrines in that case stem exclusively from the operation of federal law—not from an underlying state-court conviction as a predicate to a federal firearm prohibition. Furthermore, the Supreme Court expressly

noted that the federal statute at issue in *One Assortment* was broader in scope than the statute for which the plaintiff was found not guilty. Here, the only question is whether the underlying state-court conviction is a predicate offense triggering a section 922(g)(9) prohibition.

Finally, Garland tries to dissuade this Court from Brinson's res judicata argument by suggesting the required elements are absent. Opp'n at 12, fn. 12. But those elements are clearly met here. First, Brinson has repeatedly argued—and Garland does not contest—that his relationship to the alleged victim of his prior conviction is and was a "dating relationship." Opp'n 5 ("There is no real dispute as to the fact that Plaintiff and the victim of his offense dated for a period of time"). Second, there is no reasonable dispute that the underlying state court judgment resulted in a final judgment on the merits. And the final element—that the party against whom the plea is raised was a party or was in privity with a party to the earlier action—is also satisfied, as even Garland's own authority establishes. Opp'n 12 (citing *Dunn v. Noe*, No. C-07-03559 JCS, 2009 WL 10696042 (N.D. Cal. Apr. 30, 2009) (unreported)). *Dunn* relies on *City of Martinez v. Texaco and Citizens for Open Access*, 353 F.3d 758, 762 (9th Cir. 2003). In *City of Martinez*, the Ninth Circuit was satisfied that the California Department of Fish and Game adequately represented both the City of Martinez and the public. There can be no serious dispute here that the federal government's interests were adequately represented by the prosecuting attorney, as the only significant question before this Court is whether there is a state-court conviction that satisfies a broad, federal definition as a predicate offense. *Id.* at 1070-71 (citing *United States v. Geophysical Corp.*, 732 F.2d 693, 697 (9th Cir. 1984)) (noting that only if the "interests of the parties in question are likely to have been divergent" does one infer lack of "privity" required for the application of res judicata to apply).

Therefore, both collateral estoppel and res judicata preclude Garland from attempting to relitigate Brinson's relationship status.

## IV.   GARLAND'S OPPOSITION DOES NOT DISPUTE THAT HE LACKED LEGAL AUTHORITY TO DENY BRINSON'S ATTEMPTED 2018 FIREARM PURCHASE

There is no legitimate dispute that at the time of Brinson's denial, Garland lacked adequate justification to deny Brinson's attempted firearm purchase when it was made. Brinson has repeatedly made this argument at all stages of this litigation, and to date, Garland has made no argument against it.

PLAINTIFF'S REPLY BRIEF RE: DISCOVERY AND STANDARD OF REVIEW
Case No.: 22-cv-09076-JCS

As this Court has already held, the reports Garland relied on at the time of Brinson's 2018 denial are inadmissible hearsay under rule 801 of the Federal Rules of Evidence. Pl.'s Br. 13; Order Re Def. Garland's Mot. Dismiss 7. Likewise, this Court declined to incorporate by reference or judicially notice the same report because, at best, it concerned disputed facts. *Id.* It also bears repeating that the police report Garland produced was provided to the prosecutor in Brinson's 1997 criminal case, who still elected to label Brinson's relationship with the alleged victim as a "dating relationship" in the charging document. Pl.'s Br. 2-3. So Garland now makes a late-hour argument that similarly (and improperly) relies on an out-of-court statement about the nature of Brinson's relationship with his alleged victim that was not part of the underlying record of Brinson's 1997 conviction. Opp'n 3, 13. That declaration was executed on December 19, 2023—more than five years after Brinson's denial in 2018 and *more than 27 years after the underlying 1997 criminal conviction.* Such a declaration has no more value than the police report already rejected by this Court. In fact, it has even less value given its recent execution.

Garland admits that there is "no real dispute as to the fact that Brinson and the victim of his offense dated for a period of time." Opp'n  5. But his arguments applying federal law to the underlying criminal case are misplaced. California Penal Code section 243(e) expressly includes a "person with whom the defendant is cohabitating," a "noncohabiting former spouse," and a "dating relationship" among those relationships contemplated by the statute. At the time of Brinson's conviction, however, the definition for a misdemeanor crime of domestic violence under federal law expressly included (1) "current or former spouse"; (2) "cohabiting with or has cohabited with the victim as a spouse"; or (3) "a person similarly situated to a spouse." 18 U.S.C. § 921(a)(33)(A)(ii) (amended June 25, 2022). A "dating relationship" was only recently added to the relationship categories in a limited fashion. Pl.'s Br. 2, 4-6. Cohabitation, former or otherwise, is not connected or relevant to those "similarly situated to a spouse."[1] Garland's reliance on the out-of-court statement now offered, therefore, fails to discount the

---

[1] Notably, Garland's opposition lacks any definition or framework for the term "similarly situated to a spouse." Taking Garland's argument at face value, it appears that Garland's position is that *any* dating relationship can be labeled as "similarly situated to a spouse." But such an absurd result cannot stand, or else Congress would not expressly add a "dating relationship" category to the definition of misdemeanor crime of domestic violence. *See* Pl.'s Br. 3-4.

7

PLAINTIFF'S REPLY BRIEF RE: DISCOVERY AND STANDARD OF REVIEW

"dating relationship" nature of Brinson's 1997 conviction even if it were part of the underlying record.

**CONCLUSION**

For these reasons and those stated in Plaintiff's opening brief, Brinson requests that this Court issue an order denying Garland's request for discovery and issue summary judgment for Brinson.

Dated: May 2, 2024                    **MICHEL & ASSOCIATES, P.C.**


_s/ Matthew D. Cubeiro_
Matthew D. Cubeiro
Counsel for Plaintiff

PLAINTIFF'S REPLY BRIEF RE: DISCOVERY AND STANDARD OF REVIEW
Case No.: 22-cv-09076-JCS

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Name: *Brinson v. Merrick, et al.*
Case No.: 22-cv-09076-JCS

IT IS HEREBY CERTIFIED THAT:

     I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

     I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFF'S REPLY BRIEF RE: DISCOVERY AND STANDARD OF REVIEW**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Jerry T. Yen
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7836
Fax: (916) 324-8835
E-mail: Jerry.Yen@doj.ca.gov
  *Attorneys for Rob Bonta*

Michael A. Keough
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
E-mail: michael.keough@usdoj.gov
  *Attorneys for Defendant Merrick B. Garland*

     I declare under penalty of perjury that the foregoing is true and correct.

Executed May 2, 2024.

Laura Palmerin