1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    BRAD DANIEL BRINSON,                    Case No.  22-cv-09076-JSC

             Plaintiff,
8
                                            **ORDER RE: DISCOVERY AND**
9        v.                                 **STANDARD OF REVIEW**

10   MERRICK B. GARLAND, et al.,             Re: Dkt. No. 59

             Defendants.
11

12

13          Defendants barred Plaintiff from purchasing a gun on the grounds he had been convicted of

14   a misdemeanor crime of domestic violence.  So, Plaintiff sued the government for erroneous

15   denial of a firearm under 18 U.S.C. § 925A; violation of his Second Amendment rights; and

16   violation of his Fourteenth Amendment equal protection rights.  (Dkt. No. 1 ¶¶ 46-65.)[1]  At the

17   case management conference on March 6, 2024, the Court ordered the parties to brief whether, in

18   an action under 18 U.S.C. § 925A, the government is permitted to supplement the administrative

19   record by conducting discovery to support its determination a person is prohibited from possessing

20   a firearm.  The Court also directed the parties to address the appropriate standard of review.

21   Before the Court is the parties' briefing on discovery and the standard of review.  (Dkt. Nos. 59,

22   60, 61.)  Having carefully considered the briefing, and with the benefit of oral argument on May

23   16, 2024, the Court CONCLUDES 1) the government may conduct discovery on whether Plaintiff

24   was similarly situated to a spouse of the victim of his 1997 battery and 2) the Court will apply a

25   preponderance of the evidence standard to the § 925A claim.

26   //

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1

**DISCUSSION**

2
California Penal Code § 243(e) encompasses "a battery . . . committed against a spouse, a

3
person with whom the defendant is cohabiting, a person who is the parent of the defendant's child,

4
former spouse, fiancé, or fiancée, or a person with whom the defendant currently has, or has

5
previously had, a dating or engagement relationship." Cal. Penal Code § 243(e)(1). In 1997,

6
Plaintiff was convicted of a violation of § 243(e): misdemeanor battery against a woman with

7
whom he was involved in a dating relationship. (Dkt. No. 1 ¶¶ 2, 31.)

8
Federal law prohibits individuals who have been convicted of a "misdemeanor crime of

9
domestic violence" from possessing or receiving "any firearm or ammunition which has been

10
shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(9). A

11
"misdemeanor crime of domestic violence"

12
    (i) is a misdemeanor under Federal, State, Tribal, or local law; and
    (ii) has, as an element, the use or attempted use of physical force, or

13
the threatened use of a deadly weapon, committed by a current or
former spouse, parent, or guardian of the victim, by a person with

14
whom the victim shares a child in common, by a person who is
cohabiting with or has cohabited with the victim as a spouse, parent,

15
or guardian, **by a person similarly situated to a spouse**, parent, or
guardian of the victim, or by a person who has a current or recent

16
former dating relationship with the victim.

17
*Id.* § 921(a)(33)(A) (emphasis added).[2] The government insists § 922(g)(9) bars Plaintiff from

18
lawfully possessing a firearm because he was "similarly situated to a spouse" of his battery victim.

19
The definition of "misdemeanor crime of domestic violence" in § 922(g)(9) "imposes two

20
requirements: First, a 'misdemeanor crime of domestic violence' must have, 'as an element, the

21
use or attempted use of physical force, or the threatened use of a deadly weapon.' Second, it must

22
be 'committed by' a person who has a specified domestic relationship with the victim." *United*

23
*States v. Hayes*, 555 U.S. 415, 421 (2009). In *Hayes*, the Supreme Court concluded the predicate

24
"misdemeanor crime of violence" need not "include, as a discrete element, the existence of a

25

26
_____

[2] Before June 2022, the federal definition of "misdemeanor crime of domestic violence" pertinent

27
to the lawful possession and acquisition of firearms did not cover dating relationships. *See* Pub. L.
117–159, § 12005(a) (June 25, 2022), 136 Stat. 1313; *see id.* § 12005(b) ("The amendments made

28
by subsection (a) shall not apply to any conviction of a misdemeanor crime of domestic violence
entered before the date of enactment of this Act.").

United States District Court
Northern District of California

domestic relationship between offender and victim." *Id*. "Instead, in a § 922(g)(9) prosecution, it suffices for the Government to charge and prove a prior conviction that was, in fact, committed by the defendant against a spouse or other domestic victim." *Id*. So,

> [t]o obtain a conviction in a § 922(g)(9) prosecution, the Government must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way. **But that relationship, while it must be established, need not be denominated an element of the predicate offense.**

*Id*. at 426 (emphasis added).

Plaintiff does not dispute his 1997 misdemeanor conviction had, as an element, the use or attempted use of physical force. But Plaintiff does dispute whether the government can establish he was "similarly situated to a spouse" of his misdemeanor's victim—a fact required to make it a disqualifying conviction. The government seeks to conduct discovery on whether Plaintiff was "similarly situated to a spouse" of the 1997 battery victim. (Dkt. No. 60 at 12 ("[D]iscovery is necessary and appropriate in this action . . . to support Defendant's anticipated affirmative defense that Plaintiff was not lawfully able to purchase a firearm under 18 U.S.C. § 922(g)(9) because he committed a [misdemeanor crime of domestic violence] as someone 'similarly situated to a spouse.'"). Plaintiff argues the government is precluded from conducting discovery to establish Plaintiff's relationship with the battery victim beyond the parameters of his 1997 conviction, and requests summary judgment in Plaintiff's favor.

## I.    Discovery

For persons denied firearms pursuant to § 922 "due to the provision of erroneous information" or who are "not prohibited from receipt of a firearm," § 925A provides a private right of action "for an order directing that the erroneous information be corrected or that the transfer be approved." 18 U.S.C. § 925A. Nothing in § 925A prohibits discovery in such actions or limits discovery to the record upon which the government made its § 922 determination. Indeed, courts have allowed for discovery outside the original administrative or criminal proceeding record in § 925A actions. *See, e.g.*, *Brush v. United States*, No. 22-cv-32-DDN (E.D. Mo.), Dkt. Nos. 23, 27, 30, 40-1 (instituting discovery schedule and allowing depositions of

1  former prosecutor from prior criminal proceeding to address the applicability of § 922(g)(9));

2  *Escamilla v. United States*, No. 21-cv-510-WCG (E.D. Wi.), Dkt. Nos. 33, 39 (instituting

3  discovery schedule and permitting deposition of the plaintiff to address applicability of §

4  922(g)(4)); *Kaszycki v. United States et al*, No. 19-cv-1943 (W.D. Wa.), Dkt. No. 14 (instituting

5  discovery schedule).

6        Plaintiff nonetheless insists the government is precluded from conducting discovery on two

7  grounds: (1) "the nature of [Plaintiff's] relationship to the alleged victim was expressly established

8  by his 1997 conviction to be a 'dating relationship,'" and issue preclusion bars the government

9  from establishing otherwise, (Dkt. No. 59 at 10), and (2) the Court is limited "to a categorical or

10  modified categorical approach when deciding whether a past state court conviction triggers a

11  related federal restriction." (Dkt. No. 61 at 2.)

12        **A.  Dating Relationship**

13        There is no dispute Plaintiff dated the battery victim.  But Plaintiff argues "[t]he 1997

14  criminal complaint to which [Plaintiff] pled nolo contendere refers to [Plaintiff]'s relationship

15  with the alleged victim only as a 'dating relationship,' precluding any other type of relationship

16  described in section 243(e)(1)." (Dkt. No. 59 at 9.)  In essence, Plaintiff claims the state court

17  considered the relationship between Plaintiff and the battery victim and determined Plaintiff and

18  the victim had not cohabitated or otherwise had a relationship similar to that of spouses.  Not so.

19  As the government correctly notes, "[t]he state court in 1997 did no such thing, because, as

20  charged, California Penal Code § 243(e) did not require it to. . . . [T]here was no occasion for the

21  state court in 1997 to make any findings of fact with regards to whether cohabitation was also part

22  of this relationship." (Dkt. No. 60 at 10.)  Given Plaintiff's admission he and the victim were in a

23  dating relationship and a dating relationship was sufficient to satisfy § 243(e)(1), the state court

24  had no reason to adjudicate whether Plaintiff and the victim had cohabitated or were otherwise

25  similarly situated to spouses.

26        Plaintiff relatedly argues the government "is precluded from relitigating the matter of

27  Brinson's relationship to the alleged victim." (Dkt. No. 59 at 16.)  "Under the Full Faith and

28  Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent []

United States District Court
Northern District of California

proceeding is determined by the preclusion law of the state in which the judgment was issued." *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 375 (1996) ("When faced with a state court judgment relating to an exclusively federal claim, a federal court must first look to the law of the rendering State to ascertain the effect of the judgment.").  "In California, [issue preclusion] precludes relitigation of issues argued and decided in prior proceedings." *In re Harmon*, 250 F.3d at 1245 (cleaned up).  California courts apply issue preclusion only if five threshold requirements are met:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Id*.  "The party asserting [issue preclusion] bears the burden of establishing these requirements." *Id.*

As to requirements one through four, Plaintiff has failed to establish the 1997 state court actually decided Plaintiff never cohabitated with the battery victim or was not otherwise similarly situated to a spouse of the victim because such a finding was unnecessary to its judgment.  *See San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.*, 545 U.S. 323, 342 (2005) ("[T]he question is whether the state court actually decided an issue of fact or law that was necessary to its judgment.").  The 1997 state court had no need to find Plaintiff and the battery victim were similarly situated to spouses because Plaintiff had admitted he had a dating relationship with the victim, which was sufficient to establish the requisite domestic relationship under § 243(e)(1).  A dating relationship is not mutually exclusive of additional circumstances rendering the victim similar to a spouse.

As to the fifth requirement, Plaintiff has failed to establish the federal government is in privity with California.  The United States was not a party to the 1997 state criminal proceedings, and Plaintiff was convicted under state law, not federal law.  California was not acting in a representative capacity for the United States when convicting Plaintiff.  *Cal Sierra Dev., Inc. v. George Reed, Inc.*, 14 Cal. App. 5th 663, 673 (2017) ("[P]rivity appertains against one who did

United States District Court
Northern District of California

not actually appear in the prior action where the unsuccessful party in the first action might fairly be treated as acting in a representative capacity for a nonparty." (cleaned up).). For the same reason, Plaintiff's argument res judicata (claim preclusion) precludes inquiry into Plaintiff's relationship with the battery victim fails. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 927 (9th Cir. 2006) ("In California, res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (cleaned up).).

In any event, Plaintiff admits his 1997 battery conviction was the result of his nolo contendere plea. (Dkt. No. 59 at 9.) Issue preclusion "does not bar relitigation of an issue necessarily decided in a prior criminal case where, as here, that issue was determined by a plea of guilty or nolo contendere rather than by trial." *20th Century Ins. Co. v. Schurtz*, 92 Cal. App. 4th 1188, 1196 (2001); *see Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58 Cal. 2d 601, 605-06 (1962) ("When a plea of guilty has been entered in the prior action, no issues have been 'drawn into controversy' by a 'full presentation' of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation."). So, for this additional reason, issue preclusion does not apply.

Accordingly, Plaintiff fails to demonstrate the government is precluded from proving Plaintiff was similarly situated to a spouse with the battery victim.

### B. Categorical or Modified Categorical Approach

Next, Plaintiff insists the Court, in determining whether his 1997 battery conviction qualifies as a misdemeanor crime of domestic violence, is limited to the conviction record in accordance with the categorical or modified categorical approach used in sentencing. Under the "categorical approach," a court "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 257 (2013). "The prior conviction qualifies as a[] [predicate offense] only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

In *Taylor v. United States*, the Supreme Court recognized a "modified categorical approach" permitting review "beyond the mere fact of conviction in a narrow range of cases where

United States District Court
Northern District of California

6

a jury was actually required to find all the elements" of the predicate crime. 495 U.S. 575, 602 (1990). The modified categorical approach applies "when a prior conviction is for violating a so-called 'divisible statute.' That kind of statute sets out one or more elements of the offense in the alternative." *Descamps*, 570 U.S. at 257. This approach

> permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id*. So, a conviction may qualify as a predicate offense if "the charging paper and jury instructions actually required the jury to find all the elements" required of the predicate offense. *Id*.

  *Hayes* precludes either approach from applying to a misdemeanor crime of domestic violence for the purposes of § 922(g)(9). *Hayes* held the "domestic relationship" element of a misdemeanor crime of domestic violence does *not* have to be an element of the underlying crime. 555 U.S. at 426. So, it would make no sense to hold the Court is limited to examining the elements of the crime of conviction to determine if it constitutes a predicate offense. Under *Hayes*, a conviction that did not establish the required domestic relationship may still qualify as a predicate misdemeanor crime of domestic violence.

  So, whether Plaintiff's relationship with the battery victim satisfies the "domestic relationship" requirement of a misdemeanor crime of domestic violence is a question of fact that may be proven by evidence outside the conviction record. *Id*. at 421 ("[I]t suffices for the Government to charge and prove a prior conviction that was, **in fact**, for "an offense ... committed by" the defendant against a spouse or other domestic victim." (emphasis added)); *see also id*. at 436 ("[T]he majority would require juries and courts to look at the particular facts of a prior conviction to determine whether it happened to involve domestic violence, rather than simply looking to the elements of the predicate offense.") (Roberts, C.J., dissenting).

  Plaintiff's reliance on *Shepard v. United States*, 544 U.S. 13 (2005), is misplaced. *Shepard* involved the Armed Career Criminal Act, which mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent

United States District Court
Northern District of California

felonies.  The question presented "was whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary."  *Id.* at 16.  *Shepard* does not apply to the "domestic relationship" aspect of a § 922(g)(9) misdemeanor crime of violence because, under *Hayes*, the earlier guilty plea does *not* have to have necessarily admitted, and supported a conviction for, the "domestic relationship" element of a misdemeanor crime of domestic violence.

Plaintiff's cited Ninth Circuit authority does not hold otherwise.  In *United States v. Belless*, the Ninth Circuit applied the modified categorical approach to determine whether the underlying conviction fulfilled the "force" requirement to qualify as a misdemeanor crime of domestic violence, not the "domestic relationship" requirement.  338 F.3d 1063, 1069 (9th Cir. 2003), *abrogated by United States v. Castleman*, 572 U.S. 157 (2014); *see id*. at 1066 (finding "no indication that Congress intended to exclude from the misdemeanors that may trigger 18 U.S.C. § 921(a)(33)(A)(ii) those crimes that are in fact committed against persons who have a domestic relationship specified in the statute, even if the triggering crime does not include such a relationship as an element.").  In *Fernandez-Ruiz v. Gonzales*, the Ninth Circuit used the modified categorical approach to establish whether "the petitioner's conviction entailed an admission to, or proof of, the necessary elements of a crime of violence" but did not consider the relationship between the petitioner and the victim of the predicate offense.  466 F.3d 1121, 1132 (9th Cir. 2006).  And neither *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002), nor *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075 (9th Cir. 2003), support departure from *Hayes*'s holding the government may prove the specified domestic relationship even if the predicate offense did not prove the domestic relationship.  555 U.S. at 426.  Both *Corona-Sanchez* and *Hernandez-Martinez* considered "whether a conviction under a divisible statute constitutes an aggravated felony," but provide no analysis on the domestic relationship element at issue here.  343 F.3d at 1076; *Corona-Sanchez*, 291 F.3d at 1203 ("The primary question on this appeal is whether Corona-Sanchez's prior conviction qualifies as an aggravated felony for federal sentencing purposes.").  Plaintiff fails to identify any case in which a court applied the modified categorical approach to determine whether a domestic relationship qualified a conviction as a

misdemeanor crime of domestic violence under § 922(g)(9).  In light of *Hayes*, this absence of authority makes complete sense.

* * *

Because Plaintiff's 1997 conviction did not establish as a matter of law Plaintiff was not similarly situated to a spouse of the battery victim, the government may conduct discovery to prove "the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way" covered by § 922(g)(9).  *Hayes*, 555 U.S. at 426.  To decide otherwise would "frustrate Congress' manifest purpose" because "it will not always be possible for law enforcement authorities to determine from the face of someone's criminal record whether a particular misdemeanor conviction involves domestic violence."  *Id*. at 427, 429.

> The text, context, purpose, and what little there is of drafting history all point in the same direction: Congress defined "misdemeanor crime of domestic violence" to include an offense "committed by" a person who had a specified domestic relationship with the victim, whether or not the misdemeanor statute itself designates the domestic relationship as an element of the crime.

*Id*. at 429.

Accordingly, the government may conduct discovery to prove Plaintiff's domestic relationship with his 1997 battery victim is covered by § 922(g)(9).  *Id*.

## II.    Standard of Review

The government argues, and Plaintiff does not contest, the Court should apply a preponderance burden to Plaintiff's claims and the government's affirmative defenses. Accordingly, the Court will apply a preponderance burden.  *See Addington v. Texas*, 441 U.S. 418, 423 (1979) ("At one end of the spectrum is the typical civil case involving a monetary dispute between private parties.  Since society has a minimal concern with the outcome of such private suits, plaintiff's burden of proof is a mere preponderance of the evidence."); *see also Herman & MacLean v. Huddleston*, 459 U.S. 375, 387-91 (1983) (ruling a preponderance standard applies to establish civil liability under § 17(a) of the Securities Act, 15 U.S.C. § 77q(a)).

//

United States District Court
Northern District of California

III.     **Summary Judgment**

Plaintiff moves for summary judgment on the grounds the "limited set of documents and facts" the Court may consider to determine whether his 1997 battery conviction qualifies as a misdemeanor crime of domestic violence "leave no genuine dispute that [Plaintiff's] relationship to the alleged victim of the 1997 conviction was a 'dating relationship' that does not trigger a federal prohibition." (Dkt. No. 59 at 17.)  As discussed above, the fact Plaintiff dated the battery victim does not extinguish the possibility Plaintiff was similarly situated to a spouse of the battery victim.  And *Hayes* does not confine the inquiry into Plaintiff's relationship to the documents specified under the modified categorical approach.  555 U.S. at 421.  So, the motion must be denied and the government is permitted to take discovery.

Moreover, based on the present record, a genuine issue of material fact exists as to whether Plaintiff was "similarly situated to a spouse" of his 1997 battery victim.  The government submits a declaration from the victim of Plaintiff's battery swearing Plaintiff and the victim "lived together in a house located at 715 Trinkling Creek Drive" in Felton, California for approximately a year before the battery.  (Dkt. No. 60-1 ¶¶ 2-3.)  That Plaintiff and the victim had lived together is sufficient to support an inference they were similarly situated to spouses.  *See Buster v. United States*, 447 F.3d 1130, 1133 (8th Cir. 2006) ("We agree with the First and Fifth Circuits and hold abuse perpetrated on a live-in girlfriend is domestic abuse committed "by a person similarly situated to a spouse" for purposes of sections 922(g)(9) and 921(a)(33)(A)(ii)."); *Woods v. City & Cnty. of Denver*, 62 F. App'x 286, 287-88 (10th Cir. 2003) (noting "the Bureau of Alcohol, Tobacco, and Firearms' (BATF) October 1998 advisory opinion interpret[ed] the phrase 'similarly situated to a spouse' to apply to 'anyone who was domiciled in an intimate relationship with the victim of the offense either at the time of, or at any time prior to the offense.'").

Plaintiff does not dispute he lived with the victim, he only argues the government "lacked adequate justification to deny [Plaintiff's] attempted firearm purchase when it was made." (Dkt. No. 61 at 6.)  But Plaintiff fails to identify any authority supporting the proposition the government is bound by the Federal Rules of Evidence in making its administrative determination an individual is prohibited from receipt of a firearm.  The relevant questions under § 925A are

United States District Court
Northern District of California

whether the information preventing Plaintiff's firearm transfer is erroneous or whether he is not disqualified from receipt of a firearm—not whether the government's decision was adequately justified at the time pursuant to the Federal Rules of Evidence.

Accordingly, Plaintiff's request for summary judgment on his § 925A claim is DENIED.

## CONCLUSION

For the reasons stated above, the government may conduct discovery relevant to whether Plaintiff was similarly situated to a spouse of the 1997 battery victim and the Court will apply a preponderance of the evidence standard to Plaintiff's § 925A claim.  The Court will hold a further case management conference on June 27, 2024 at 1:30 p.m. via Zoom video.  An updated joint case management conference statement is due one week in advance.

This Order disposes of Docket No. 59.

**IT IS SO ORDERED.**

Dated: May 28, 2024

JACQUELINE SCOTT CORLEY
United States District Judge