1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2  MICHELLE LO (NYRN 4325163)
   Chief, Civil Division
3  MICHAEL A. KEOUGH (NYRN 5199666)
   Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-6878
6       Fax: (415) 436-7234
        michael.keough@usdoj.gov
7
   *Attorneys for Defendant*
8  *Merrick B. Garland*

9  C.D. Michel – SBN 144258
   Mathew D. Cubeiro – SBN 291519
10 Alexander A. Frank – SBN 311718
   MICHEL & ASSOCIATES, P.C.
11 180 E. Ocean Boulevard, Suite 200
   Long Beach, CA 90802
12 Telephone: (562) 216-4444
   Facsimile: (562) 216-4445
13 Email: mcubeiro@michellawyers.com
14
15 *Attorneys for Plaintiff Brad D. Brinson*

16                UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

19
   BRAD D. BRINSON, an individual,        )  Case No. 3:22-CV-09076-JSC
20                                         )
            Plaintiff,                     )  **JOINT CASE MANAGEMENT STATEMENT**
21                                         )  **AND [PROPOSED] ORDER**
         v.                                )
22                                         )
   MERRICK B. GARLAND, *et al.*,           )
23                                         )
            Defendants.                    )
24                                         )
   _____)
25

26        Plaintiff Brad D. Brinson and Defendants Rob Bonta and Merrick B. Garland ("Defendants," and

27 together with Plaintiff, the "Parties") submit this Joint Case Management Statement ahead of the June

28 27, 2024 Case Management Conference in the above-captioned matter.

1.      **Jurisdiction and Service**

The Parties agree that the Court has subject matter jurisdiction over claims against the United States pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 925A.  The parties also agree that venue is proper in the United States District Court for the Northern District of California because the underlying events occurred in this district.  All defendants have been served.

2.      **Facts**

Plaintiff's claims arise from his denial of a firearm purchase in 2018.  At issue is whether Plaintiff's 1997 conviction under California Penal Code section 243(e) bars him from owning or possessing firearms under a federal statute, section 922(g)(9) of Title 18 of the United States Code.  In 2014, Plaintiff first attempted to purchase a firearm lawfully but was denied due to his 1997 conviction.  Plaintiff contested the denial because, as Plaintiff contends here, he is not barred from owning or possessing firearms under Section 922(g)(9).   Plaintiff contends that at least two attorneys from the Federal Bureau of Investigation ("FBI"), as well as California Department of Justice ("DOJ") personnel, agreed with Plaintiff.  Following this determination, Plaintiff contends that he lawfully purchased firearms until 2018.  In 2018, Plaintiff attempted to purchase a firearm lawfully but was again denied due to his 1997 conviction.  Plaintiff contends that his 1997 conviction does not constitute a "misdemeanor crime of domestic violence," to which Section 922(g)(9) applies.  Defendant Garland contends, and Plaintiff disputes, that Plaintiff is a person "similarly situated to a spouse" to whom Section 922(g)(9) applies, including because Plaintiff and the victim cohabitated prior to the 1997 incident.

3.      **Legal Issues**

The primary legal question is whether Plaintiff has been convicted of a qualifying "misdemeanor crime of domestic violence" that would render him ineligible to purchase a firearm.  *See* 18 U.S.C. § 922(g)(9); 921(a)(33)(A)(ii) (defining "misdemeanor crime of domestic violence for purposes of § 922 (g)(9)).  Specifically, the parties dispute whether Mr. Brinson's relationship with the victim of the 1997 incident was a person "similarly situated to a spouse" such that the prohibition would apply.

There is also an issue regarding whether Defendant Bonta, dismissed from this action on July 21, 2023, with leave to amend (Dkt. 40), is a proper defendant in this action, and whether Plaintiff can

legally bring an action against the California Attorney General based on the facts alleged in this case.  In an attempt to resolve the issue without having to file another motion to dismiss, Defendant Bonta is willing to stipulate and agree that, when processing any firearms transfer for Plaintiff after the resolution of the present action, the California Department of Justice will follow any order of this Court regarding the applicability of 18 U.S.C. § 922(g)(9) to Plaintiff's 1997 conviction, or in the event of the FBI's determination that Section 922(g)(9) does not apply to the facts of Plaintiff's case, the California Department of Justice will not take a contrary position.  However, the stipulation would not apply to any prohibitions that are unknown at this time or may arise in the future, as the Parties understand that the only prohibition that may currently apply to Plaintiff is the application of Section 922(g)(9) to the 1997 incident at issue in the present action.  Based on the proposed stipulation, Defendant Garland is satisfied that the only remaining dispute is between Plaintiff and Defendant Garland regarding the application of Section 922(g)(9).  Plaintiff's position is that the stipulation does not resolve the issue and the complaint may need to be amended to re-assert claims against Defendant Bonta.  Specifically, Plaintiff contends this stipulation does not resolve the question of which agency made the determination to deny Plaintiff, and Plaintiff is thereby still unclear which agency bears liability should Plaintiff succeed on the merits of his claims. It is Plaintiff's position that the proposed deadline for amending the complaint as applied to Defendant Bonta may need to be extended pending further discussions between Plaintiff and Defendant Bonta.

**4.      Motions**

There are no motions currently pending.  On May 28, 2024, the Court resolved the pending motion to preclude discovery / motion for summary judgment and held that "the government may conduct discovery relevant to whether Plaintiff was similarly situated to a spouse of the 1997 battery victim and the Court will apply a preponderance of the evidence standard to Plaintiff's § 925A claim." Dkt. 63 at 11.

Each party may file a motion for summary judgment at the close of discovery, if appropriate.

**5.      Amendment of Pleadings**

As noted above, Plaintiff may amend his complaint to re-assert claims against Defendant Bonta.

**6.      Evidence Preservation**

The Parties have reviewed the ESI Guidelines and are taking reasonable and proportionate steps to preserve evidence relevant to the issues presented in this action.

**7.      Disclosures**

Initial disclosures have not been exchanged.  Defendant Garland has proposed that initial disclosures be exchanged by July 11, 2024, as reflected in the proposed case schedule below.  In the event that Plaintiff files an amended complaint, Defendant Bonta files another motion to dismiss, and the Court denies that motion, Defendant Bonta proposes that the Parties meet and confer on a deadline for Defendant Bonta to serve initial disclosures.

**8.      Discovery**

No discovery has been taken to date and a discovery schedule proposed by Defendant Garland is below.

**9.      Class Actions**

Not applicable.

**10.     Related Cases**

Not applicable.

**11.     Relief**

Plaintiff seeks declaratory relief, an order finding that Plaintiff has erroneously been denied a firearm, an order finding that Plaintiff has been erroneously labeled prohibited from owning or possessing firearms by Defendants, an order directing Defendants to make any and all corrections to State and Federal databases to ensure Plaintiff is no longer erroneously denied a firearm transfer or labeled prohibited from owning or possessing firearms, and an award of attorney's fees and costs, as well as any further legal or equitable relief the Court deems proper.

Defendants deny that Plaintiff is entitled to any relief and seek dismissal and costs.

**12.     Settlement and ADR**

The Parties attempted to engage in early settlement efforts, which were not successful. Defendant Garland respectfully submits that additional settlement or ADR efforts may be successful after the close of fact discovery.

JOINT CASE MANAGEMENT STATEMENT
NO. 3:22-CV-09076-JSC                    4

**13.    Consent to Magistrate Judge for All Purposes**

At least one party did not consent to having a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The Court's decisions on the motions to dismiss (Dkt. 36, 40) and motion to preclude discovery / motion for summary judgment (Dkt. 63) have contributed to narrowing the issues that remain in dispute.

**16.    Expedited Trial Procedure**

At this time, the Parties do not agree to the Expedited Trial Procedure of this Court.

**17.    Schedule**

Defendant Garland proposes the following case schedule:

| | |
|---|---|
| Trial* (2-3 day trial) | Monday, July 21, 2025 |
| Pretrial Conference (at 1:30 pm) | Thursday, June 19, 2025 |
| Dispositive motions and *Daubert* motions heard (at 10:00 a.m.) | Thursday, May 22, 2025 |
| Dispositive motions and *Daubert* motions due (deadline to file) | Thursday, April 17, 2025 |
| Expert deposition discovery cut-off | Friday, March 28, 2025 |
| Rebuttal Expert Disclosure | Monday, February 17, 2025 |
| Initial Expert Disclosure (if necessary) | Friday, January 17, 2025 |
| Deadline for any amendment to the complaint after fact discovery | Friday, December 20, 2024 |
| Fact discovery cut-off | Friday, December 13, 2024 |
| Exchange of Initial Disclosures (for Plaintiff, and any defendant answering the amended complaint) | Thursday, August 1, 2024 |
| Responses to operative complaint due | Thursday, August 1, 2024 |
| Deadline for amended complaint adding claims against Defendant Bonta (if necessary) | Thursday, July 11, 2024 |

**18.    Trial**

The Parties estimate that a trial would take two to three days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

Plaintiff filed his Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15 on March 10, 2023.  *See* Dkt. 17.

The disclosure requirements of Civil L.R. 3-15 do not apply to governmental parties.

**20.     Professional Conduct**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other**

At this time, the Parties do not believe there are any other matters that relate to the just, speedy, and inexpensive disposition of this matter.

IT IS SO STIPULATED.

DATED:  June 20, 2024                              Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 /s/ *Michael A. Keough**
MICHAEL A. KEOUGH
Assistant United States Attorney

*Attorneys for Defendant Merrick Garland*

/s/ *Jerry T. Yen**
JERRY T. YEN
Deputy Attorney General

*Attorney for Defendant Rob Bonta*

MICHEL & ASSOCIATES, P.C.

/s/ *Matthew D. Cubeiro*
MATTHEW D. CUBEIRO

*Attorney for Plaintiff*

*\* In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

**[PROPOSED] CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & [PROPOSED ORDER] is approved as the Case Management Order for this case, and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

DATE: _____

THE HONORABLE JACQUELINE SCOTT CORLEY
United States District Judge

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Name: *Brinson v. Merrick, et al.*
Case No.: 22-cv-09076-JCS

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Jerry T. Yen
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7836
Fax: (916) 324-8835
E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Rob Bonta*


Michael A. Keough
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
E-mail: michael.keough@usdoj.gov
*Attorneys for Defendant Merrick B. Garland*

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 20, 2024.

_____
Laura Palmerin